WILCOX ET AL. *v.* TOWN OF NORTH LIBERTY ET AL.

[No. 31,148. Filed October 23, 1967. Rehearing Granted
April 5, 1968.]

*Roland Obenchain, Jr.,* and *Douglas D. Seely, Jr.,* of South
Bend, for appellants.

*Richard D. Bonewitz,* of South Bend, for appellees.

Jackson, J.—This matter comes to this Court on transfer from the Appellate Court by its order made pursuant to Acts of 1967, Chapter 357, Sections 1(b) and 9(b).

This is an appeal from the decision of the St. Joseph Superior Court, arising from objections filed by at least forty (40) residents of the Town of North Liberty, Indiana, to the construction or acquisition by the town of a sewage disposal plant and attendant facilities. The appellants filed with the Clerk-Treasurer of the Town of North Liberty, St. Joseph County, Indiana, their written objections to a proposed program for the construction of a sewage treatment plant, additions to existing sanitary sewer lines, and establishment of a storm sewer system. The project was instituted and the objections filed under the provisions of Burns' Indiana Statutes Annotated, § 48-4301, et seq., and in particular § 48-4305. These objections were certified to the St. Joseph Superior Court, which, pursuant to the statute, held a hearing, received evidence and entered judgment on the objections. This appeal is taken from the trial court's ruling upon the objections.

The issues were formed by the appellants' objections which were certified to the court and, omitting all formal parts and signatures, read as follows:

"1. The improvement is not required by the public need and the cost is excessive considering the value of the service.

"2. The Indiana State Stream Polution [sic] Board has not ordered the town to build a disposal plant.

"3. No means of financing this project such as a sinking fund or sewer assessment has been levied in the past making it necessary to put the town in debt for the total sum of the project, estimated at $350,000 with the exception of what federal aid is available.

"4. The cost of the proposed new sanitary sewers for the sections of town not now served by sewer lines should be paid for by the property owners affected by means of Barrett Law or some similar plan. The people with sewers have paid assessments for sewers once and should not be assessed again to pay for sewers in other sections of town.

"5. By attempting to build the disposal plant, construct new sanitary sewers and new storm sewers all at the same time it will render an unbearable hardship on many individuals living on pensions or fixed incomes. By the engineers and town board estimates, the cost would *raise* the water and sewer assessment by approximately 300% for the next 30 years.

"6. The town board has not properly advised the property owners of the great cost of this project nor has it told them the town will be put in debt an estimated $350,000 plus interest to be paid over a period of 30 years.

"7. The town board elected by the people to represent them and their interests has consistently ignored the disapproval of many (including 30 business men) and refuse to hold a referendum vote concerning this sewer project.

"8. Almost 100% of the business men are against this project as they all feel with the extremely high water and sewer rates, it would discourage any new business from locating in this town and would certainly slow the building of private homes, making this project against the best interests of the people who wish to see this town grow and prosper."

The appellees filed a motion to dismiss and strike out the above objections. The court overruled the motion.

Trial was had to the court without the intervention of a jury and after hearing evidence, argument of counsel and being duly advised entered its finding and judgment as follows:

"1. That the Town of North Liberty, by its Board of Trustees advertised for, received and accepted bids for the construction of a proposed sanitary and storm sewer program prior to the time it entered or adopted an appropriate order or ordinance for the construction of such works; that said procedure was contrary to the express directions of Chapter 61 of the Acts of 1932, Special Session (Section 48-4301, Burns' Indiana Statutes, et seq). The court finds that this objection is included in objectors' objection numbered 6.

"2. That the proposed program consists of a sewage treatment plant, sanitary sewers, and storm sewers, all of which are authorized and permitted by Chapter 61 of the Acts of 1932, Special Session (Section 48-4301, Burns' Indiana Statutes, et seq.).

"3. That the Town Board adopted Ordinance 1-A, the bond ordinance, which ordered the construction of the contemplated program at a public meeting as required by law.

"4. That Ordinance 1-A, the bond ordinance, ordering the construction of the contemplated program, includes therein the engineering estimate as required by law.

"5. That Ordinance 1-A, the bond ordinance, contemplates the construction of sanitary sewers in an area outside the territorial limits of the Town of North Liberty, but such extensions beyond the Town Limits are authorized by Chapter 61 of the Acts of 1932, Special Session (Section 48-4301, Burns' Indiana Statutes, et seq.).

"6. That the Town of North Liberty, by its Board of Trustees, had the right and power to waive its rules of procedure and introduce Ordinance 1-A and adopt said ordinance pursuant to the suspension of its rules at the same meeting at which it was introduced and Ordinance 1-A was properly adopted.

"7. That the sewage project provided for in Ordinance 1-A is an improvement required in the public need and that the cost of the proposed improvement is not excessive considering the value of the service to be rendered to the community affected thereby. And the court further finds against the objectors on their first objection and that the same should be denied.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That objectors' objection numbered 6 to the effect that the Board has not given proper notice to the interested property owners is sustained for the failure of the Town to adopt an ordinance prior to the advertising for the receipt of bids for the construction of said project, and the court orders said Town not to accept any of such bids.

"2. That objections numbered 1, 2, 3, 4, 5, 7 and 8, as certified by the Clerk of the Town of North Liberty, are hereby overruled. Objection numbered 6 is overruled except as herein expressly set out.

"3. That all subsequent proceedings concerning the improvement herein shall be in conformity with this order sustaining objectors' objection numbered 6.

"4. And now the Court having sustained objection numbered 6, the bond heretofore filed by said objectors in this proceeding is hereby released and discharged.

"No costs are assessed this being a matter of public interest."

Strangely enough both parties to the action were dissatisfied with the court's decision, the appellants-objectors filed their motion for a new trial on the 9th day of November, 1965, which motion, omitting formal parts and signatures, reads as follows:

"1. The decision of the court is contrary to law.

"2. The decision of the court is not sustained by sufficient evidence.

"3. The decision of the court is contrary to law in one or more of the following particulars:

"(a) The finding of the court in rhetorical paragraph 2 of its final order and its judgment overruling objection No. 5 are contrary to law in that the court's finding and judgment misinterpret and misconstrue Chapter 61 of the Acts of 1932, Section 48-4301, et seq., by finding and holding that said Act authorizes the Town to construct storm sewers within its corporate limits and finance the same by the sale of sewage revenue bonds.

"(b) The finding of the court in rhetorical paragraph 5 of its final order and its judgment overruling objection No. 4 are contrary to law in that the court misinterprets and misconstrues Chapter 61 of the Acts of 1932, Section 48-4301, et seq., by finding and holding that said Act authorizes the Town to construct and extend sanitary sewer lines outside the legally established corporate limits of the Town.

"(c) The finding of the court in rhetorical paragraph 4 and its final order overruling objections No. 4 and 6 are contrary to law in that the finding and judgment of the court holds that the bond ordinance 1-A does contain the engineering estimate as is required by Chapter 61 of the Acts of 1932, 48-4301, et seq., whereas the evidence is undisputed that the figure stated in said bond ordinance represents the total cost as arrived at after the acceptance of bids plus administrative cost, attorneys' fees, and other incidental expenses.

"(d) The finding of the court in rhetorical paragraph 6 and its final order overruling all but a portion of objection No. 6 are contrary to law in that the court's finding

and judgment approves of and condones the action of the Town Board of Trustees, at a specially called meeting, public notice of which was not given, in introducing Bond Ordinance 1-A which was thereafter immediately adopted by waiver of the rules of procedure, all of which was done without due and proper notice to the residents of the Town of North Liberty.

"4. The decision of the trial court is not sustained by sufficient evidence in one or more of the following particulars:

"(a) The decision of the court is not sustained by sufficient evidence in that the evidence is undisputed that the only figure contained in Bond Ordinance 1-A is that of $350,000.00, which figure represents the cost of such project after the receipt of and acceptance of bids for such project; that the evidence is further undisputed that the bids accepted on the portions of the project were below the engineering estimate for that portion of the project and that the engineering estimate was a figure greater than that of the final cost of said project.

"(b) The decision of the court is not sustained by sufficient evidence to the extent that it overrules objection No. 6 requiring the giving of due notice to the residents of the Town of North Liberty in that said specially called meeting was not a public meeting as is required for conducting municipal business and the undisputed evidence is to the effect that whenever any money was to be appropriated by said Town Board, its rules of procedure, as established by custom, called for the introduction of the ordinance at one meeting with the giving of public notice for hearing upon said ordinance for its final adoption. This procedure was not followed in the adoption of Bond Ordinance 1-A.

"(c) The decision and finding of the court that the Town Board of Trustees of North Liberty, Indiana, had the right and power to waive its rules of procedure allowing the introduction of Bond Ordinance 1-A and adoption of same at the same meeting is not supported by sufficient evidence.

"(d) The decision of the court that the improvement consisting of a sewage treatment plant, sanitary sewer lines, and storm sewer lines constitutes an improvement required in the public need and that the cost of said proposed improvements is not excessive considering the value of the service to be rendered the community affected thereby is not sustained by sufficient evidence in that

there is no showing of any need for additional sanitary sewer facilities in the southeastern quarter of the Town and/or that portion lying without the legal corporate limits thereof, nor is there any evidence to demonstrate a need for the establishment of storm sewers in the area where said project contemplates the installation of such facility.

"(e) The decision of the court in overruling all but the stated portion of objection No. 6 is not sustained by sufficient evidence in that the great cost of said project was never fully disclosed to residents of said Town as is required by Chapter 61 of the Acts of 1932, Section 48-4301, et seq., in that all published notices advising of the project and requesting bids unequivocally stated that a portion of said program would be financed by a grant from a federal agency, which fact was known by the Town Board to be erroneous, and that the contract documents placed on record in the Clerk's Office so as to apprise the residents of the Town of the cost to them of such project also contained such unequivocal statements which were erroneous and known to be untrue by the Town Board at the time it adopted its ordinance, advertised for and accepted bids for said project, all of which is contrary to the statutory direction in the aforementioned Acts and is undisputed in the evidence adduced in these proceedings."

The appellees filed their motion for new trial on December 1, 1965, which motion, omitting formal parts and signatures, reads as follows:

"The Town of North Liberty, Indiana, the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana, move the Court for a new trial in the above-captioned proceedings for the following reasons and upon the grounds hereinafter stated:

"1. Irregularity in the proceedings of the Court by which the above parties were prevented from having a fair trial in this, to-wit:

"The Court erred in overruling the motion to dismiss and strike out filed by the Town of North Liberty, Indiana, the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana.

"2. Error at law occurring at the trial, as follows:

"The Court erred in overruling the motion to dismiss and strike out filed by the Town of North Liberty, Indiana, the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana.

"3. The decision of the Court is contrary to law.

"4. The decision of the Court is contrary to law in this:

"The undisputed evidence establishes that the objectors' objections were filed more than twenty (20) days after the adoption of Ordinance No. 1A on the 19th day of July, 1965 by the Town Board of Trustees of the Town of North Liberty, Indiana, and that said objections were not timely filed, and the objections should be dismissed.

"5. The decision of the Court is not sustained by sufficient evidence.

"6. The decision of the Court is not sustained by sufficient evidence in this:

"The undisputed evidence establishes that the objectors' objections were filed more than twenty (20) days after the adoption of Ordinance No. 1A on the 19th day of July, 1965 by the Town Board of Trustees of the Town of North Liberty, Indiana, and that said objections were not timely filed, and the objections should be dismissed."

The court overruled both motions on December 1, 1965. Appellants' sole Assignment of Error is:

"1. The court erred in overruling appellants' motion for a new trial."

Appellees and cross-appellants ASSIGNMENT OF CROSS-ERRORS is as follows:

"The appellees and cross-appellants aver there is manifest error in the judgment and proceedings in this cause which is prejudicial to appellees and cross-appellants in this:

"1. The court erred in overruling appellees and cross-appellants' motion for a new trial.

"2. The court erred in overruling appellees and cross-appellants' motion to dismiss and strike out objections.

"3. The court erred in overruling appellees and cross-appellants' motion to dismiss and strike out objections in that: the objections filed by appellants and cross-appellees,

as objectors, were not filed within the time permitted by law.

"WHEREFORE, appellees and cross-appellants pray the judgment of the trial court be affirmed and not reversed."

The statutes authorizing the improvements sought to be made will be found in Burns' Indiana Statutes Annotated, Section 48-4301, et seq.; particular reference being had to Sections 48-4301, 48-4303, 48-4305 and 48-4314. In the interests of brevity these sections will not be set out here, but in essence they define the works contemplated, procedures involved to institute same, provide for notice and objections under the applicable statutes.

The parties hereto have entered into an agreed stipulation of facts which reads as follows:

"It is hereby stipulated by and between the parties to this proceedings that the following facts shall be accepted in evidence as true without the need of any further evidence thereon:

"1. That, on or about July 19, 1965, the Town Board of Trustees of the Town of North Liberty, by its duly elected members of said Board met in a specially called session at the Town Hall in North Liberty, at which meeting Ordinance 1A was introduced, read a first time, read a second and third time by title only, and that said ordinance was therein voted upon by said Board of Trustees and adopted.

"2. That, in so adopting said ordinance, the Board of Trustees suspended their rules of procedure and proceeded with the introduction, reading and adopting, all at said special session.

"3. That no notice was ever given to any members of the public or residents and voters of the Town of North Liberty of the time and place of said specially called meeting.

"4. That said Ordinance 1A, adopted at said special meeting, was never published, either prior to said specially called meeting or after its adoption.

"5. That, at said special meeting, there were no members of the general public present, except the members of the Board and the Clerk-Treasurer.

"6. That, at said special meeting, Ordinance 1B, entitled 'An Ordinance to fix the schedule of rates and charges to

be collected by the Town of North Liberty, Indiana, etc.,' was introduced, which ordinance was set out for a public hearing on August 4, 1965, due publication of notice being ordered thereof.

"7. That, at said special meeting, Ordinance 1C, entitled 'An Ordinance regulating the connection and use of the public and private sewers and drains, etc.,' was introduced, which ordinance was set out for a public meeting on August 4, 1965, due publication of notice being ordered thereof, and that a copy of the same is attached hereto, incorporated herein and marked Exhibit A.

"8. That, on August 4, 1965, said Board of Trustees held said public meeting pursuant to its notices upon Ordinance 1B and 1C, at which meeting said ordinances were thereafter adopted.

"9. That, after the introduction, adoption and ordering of such work, no notices were ever published or posted concerning Ordinance 1A either prior to the introduction and adoption of said ordinance or after its adoption for two weeks, once each week, in a newspaper of general circulation, published in such city, which notice of publication was to inform the public and respective contractors of the general nature of the work and of the fact that the drawings and specifications were on file in such office.

"10. That, on or about the 13th day of May, 1965, there appeared in the Independent News published notice requesting bids on a sewer project, as more particularly described and set out in a copy of said notice, which is attached hereto, incorporated herein and marked Exhibit B.

"16. That no public hearing was ever held on Ordinance 1A either prior to or after its adoption.

"17. That the Town of North Liberty has never received an order from the Stream Pollution Control Board of the State of Indiana directing or mandating the Town of North Liberty to establish either the sewage treatment plant or the sanitary and storm sewers contemplated within the project proposed by Ordinance 1A.

"18. That the Board of Trustees propose to sell sewage revenue bonds in the amount of $350,000.00 to finance the construction of this program and will utilize the services of private contractors to carry out the actual work and construction contemplated.

"19. That the Board of Trustees propose to utilize the funds received from said sewage revenue bonds to construct said sewage disposal plant, intersecting sewer system and

storm sewers as outlined in said ordinance and its notice heretofore identified as Exhibit B herein."

Many of the issues that properly would have been necessary for a decision on appeal have become moot since this matter was heard by the trial court. The judgment of the trial court barred the sale of the revenue bonds as advertised, also it appears from the briefs that portions of the town formerly without the corporate limits have now been annexed, in short the courts and the parties hereto are now as a matter of practicality, in a new ball game.

Finally, we are of the opinion that there is involved in the case at bar, and before the court in this action by reason of the objections filed and the judgment of the trial court, ██ a more important question possibly requiring determination by this Court. The notice section of the statute is found at § 48-4305 Burns' Indiana Statutes Annotated, 1963 Replacement, which by reference is incorporated herein. In our opinion that section is deficient in that nowhere is there any provision for the taxpayer to register approval or disapproval of the proposed acquisition prior to the enactment of the ordinance authorizing the work, it is only after the "common council of the city, or the board of trustees of the town" shall have enacted the ordinance that the owners of property affected thereby may file written objections thereto. It seems to us that the owners of property affected by the proposed works should be given an opportunity to express an opinion as to the desirability or necessity of the work, before the time and expense of complying with the requirements of the ordinance is placed on the back of the town and its residents.

The judgment of the trial court is affirmed in part and reversed in part, that portion of the finding and judgment holding that the Board has not given proper notice to the interested property owners is sustained, that portion thereof embraced in its findings numbered 2, 3, 4, 5, 6 and 7 must

be reversed for failure to give proper notice to the interested parties. The cause is reversed and remanded with instructions to grant appellants' motion for a new trial and for further proceedings not inconsistent with this opinion.

Hunter, C. J., Arterburn, Lewis and Mote, JJ. concur.

## ON REHEARING

JACKSON, J.—This matter comes to this Court on transfer from the Appellate Court by its order made pursuant to Acts of 1967, Chapter 357, Sections 1(b) and 9(b).

This is an appeal from the decision of the St. Joseph Superior Court, arising from objections filed by at least forty (40) residents of the Town of North Liberty, Indiana, to the construction or acquisition by the town of a sewage disposal plant and attendant facilities. The appellants filed with the Clerk-Treasurer of the Town of North Liberty, St. Joseph County, Indiana, their written objections to a proposed program for the construction of a sewage treatment plant, additions to existing sanitary sewer lines, and establishment of a storm sewer system. The project was instituted and the objections filed under the provisions of § 48-4301, et seq., Burns' 1963 Repl., and in particular § 48-4305. These objections were certified to the St. Joseph Superior Court, which, pursuant to the statute, held a hearing, received evidence and entered judgment on the objections. This appeal is taken from the trial court's ruling upon the objections.

The issues were formed by the appellants' objections which were certified to the court and, omitting all formal parts and signatures, read as follows:

"1. The improvement is not required by the public need and the cost is excessive considering the value of the service.

2. The Indiana State Stream Polution [sic] Board has not ordered the town to build a disposal plant.

3. No means of financing this project such as a sinking fund or sewer assessment has been levied in the past making it necessary to put the town in debt for the total sum

of the project, estimated at $350,000 with the exception of what federal aid is available.

4. The cost of the proposed new sanitary sewers for the sections of town not now served by sewer lines should be paid for by the property owners affected by means of Barrett Law or some similar plan. The people with sewers have paid assessments for sewers once and should not be assessed again to pay for sewers in other sections of town.

5. By attempting to build the disposal plant, construct new sanitary sewers and new storm sewers all at the same time it will render an unbearable hardship on many individuals living on pensions or fixed incomes. By the engineers and town board estimates, the cost would *raise* the water and sewer assessment by approximately 300% for the next 30 years.

6. The town board has not properly advised the property owners of the great cost of this project nor has it told them the town will be put in debt an estimated $350,000 plus interest to be paid over a period of 30 years.

7. The town board elected by the people to represent them and their interests has consistently ignored the disapproval of many (including 30 business men) and refuse to hold a referendum vote concerning this sewer project.

8. Almost 100% of the business men are against this project as they all feel with the extremely high water and sewer rates, it would discourage any new business from locating in this town and would certainly slow the building of private homes, making this project against the best interests of the people who wish to see this town grow and prosper."

The appellees filed a motion to dismiss and strike out the above objections. The court overruled the motion.

Trial was had to the court without the intervention of a jury and after hearing evidence, argument of counsel and being duly advised entered its finding and judgment as follows:

"1. That the Town of North Liberty, by its Board of Trustees advertised for, received and accepted bids for the construction of a proposed sanitary and storm sewer program prior to the time it entered or adopted an appropriate order or ordinance for the construction of such works; that said procedure was contrary to the express directions of Chapter 61 of the Acts of 1932, Special Session (Section

48-4301, Burns' Indiana Statutes, et seq). The court finds that this objection is included in objectors' objection numbered 6.

2. That the proposed program consists of a sewage treatment plant, sanitary sewers, and storm sewers, all of which are authorized and permitted by Chapter 61 of the Acts of 1932, Special Session (Section 48-4301, Burns' Indiana Statutes, et seq.).

3. That the Town Board adopted Ordinance 1-A, the bond ordinance, which ordered the construction of the contemplated program at a public meeting as required by law.

4. That Ordinance 1-A, the bond ordinance, ordering the construction of the contemplated program, includes therein the engineering estimate as required by law.

5. That Ordinance 1-A, the bond ordinance, contemplates the construction of sanitary sewers in an area outside the territorial limits of the Town of North Liberty, but such extensions beyond the Town Limits are authorized by Chapter 61 of the Acts of 1932, Special Session (Section 48-4301, Burns' Indiana Statutes, et seq.).

6. That the Town of North Liberty, by its Board of Trustees, had the right and power to waive its rules of procedure and introduce Ordinance 1-A and adopt said ordinance pursuant to the suspension of its rules at the same meeting at which it was introduced and Ordinance 1-A was properly adopted.

7. That the sewage project provided for in Ordinance 1-A is an improvement required in the public need and that the cost of the proposed improvement is not excessive considering the value of the service to be rendered to the community affected thereby. And the court further finds against the objectors on their first objection and that the same should be denied.

IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. That objectors' objection numbered 6 to the effect that the Board has not given proper notice to the interested property owners is sustained for the failure of the Town to adopt an ordinance prior to the advertising for the receipt of bids for the construction of said project, and the court orders said Town not to accept any of such bids.

2. That objections numbered 1, 2, 3, 4, 5, 7 and 8, as certified by the Clerk of the Town of North Liberty, are hereby overruled. Objection numbered 6 is overruled except as herein expressly set out.

3. That all subsequent proceedings concerning the improvement herein shall be in conformity with this order sustaining objectors' objection numbered 6.

4. And now the Court having sustained objection numbered 6, the bond heretofore filed by said objectors in this proceeding is hereby released and discharged.

No costs are assessed this being a matter of public interest."

Strangely enough both parties to the action were dissatisfied with the court's decision, the appellants-objectors filed their motion for a new trial on the 9th day of November, 1965, which motion, omitting formal parts and signatures, reads as follows:

"1. The decision of the court is contrary to law.

2. The decision of the court is not sustained by sufficient evidence.

3. The decision of the court is contrary to law in one or more of the following particulars:

(a) The finding of the court in rhetorical paragraph 2 of its final order and its judgment overruling objection No. 5 are contrary to law in that the court's finding and judgment misinterpret and misconstrue Chapter 61 of the Acts of 1932, Section 48-4301, et seq., by finding and holding that said Act authorizes the Town to construct storm sewers within its corporate limits and finance the same by the sale of sewage revenue bonds.

(b) The finding of the court in rhetorical paragraph 5 of its final order and its judgment overruling objection No. 4 are contrary to law in that the court misinterprets and misconstrues Chapter 61 of the Acts of 1932, Section 48-4301, et seq., by finding and holding that said Act authorizes the Town to construct and extend sanitary sewer lines outside the legally established corporate limits of the Town.

(c) The finding of the court in rhetorical paragraph 4 and its final order overruling objections No. 4 and 6 are contrary to law in that the finding and judgment of the court holds that the bond ordinance 1-A does contain the engineering estimate as is required by Chapter 61 of the Acts of 1932, 48-4301, et seq., whereas the evidence is undisputed that the figure stated in said bond ordinance represents the total cost as arrived at after the accept-

ance of bids plus administrative cost, attorneys' fees, and other incidental expenses.

(d) The finding of the court in rhetorical paragraph 6 and its final order overruling all but a portion of objection No. 6 are contrary to law in that the court's finding and judgment approves of and condones the action of the Town Board of Trustees, at a specially called meeting, public notice of which was not given, in introducing Bond Ordinance 1-A which was thereafter immediately adopted by waiver of the rules of procedure, all of which was done without due and proper notice to the residents of the Town of North Liberty.

4. The decision of the trial court is not sustained by sufficient evidence in one or more of the following particulars:

(a) The decision of the court is not sustained by sufficient evidence in that the evidence is undisputed that the only figure contained in Bond Ordinance 1-A is that of $350,000.00, which figure represents the cost of such project after the receipt of and acceptance of bids for such project; that the evidence is further undisputed that the bids accepted on the portions of the project were below the engineering estimate that portion of the project and that the engineering estimate was a figure greater than that of the final cost of said project.

(b) The decision of the court is not sustained by sufficient evidence to the extent that it overrules objection No. 6 requiring the giving of due notice to the residents of the Town of North Liberty in that said specially called meeting was not a public meeting as is required for conducting municipal business and the undisputed evidence is to the effect that whenever any money was to be appropriated by said Town Board, its rules of procedure, as established by custom, called for the introduction of the ordinance at one meeting with the giving of public notice for hearing upon said ordinance for its final adoption. This procedure was not followed in the adoption of Bond Ordinance 1-A.

(c) The decision and finding of the court that the Town Board of Trustees of North Liberty, Indiana, had the right and power to waive its rules of procedure allowing the introduction of Bond Ordinance 1-A and adoption of same at the same meeting is not supported by sufficient evidence.

(d) The decision of the court that the improvement consisting of a sewage treatment plant, sanitary sewer lines, and storm sewer lines constitutes an improvement re-

quired in the public need and that the cost of said proposed improvements is not excessive considering the value of the service to be rendered the community affected thereby is not sustained by sufficient evidence in that there is no showing of any need for additional sanitary sewer facilities in the southeastern quarter of the Town and/or that portion lying without the legal corporate limits thereof, nor is there any evidence to demonstrate a need for the establishment of storm sewers in the area where said project contemplates the installation of such facility.

(e) The decision of the court in overruling all but the stated portion of objection No. 6 is not sustained by sufficient evidence in that the great cost of said project was never fully disclosed to residents of said Town as is required by Chapter 61 of the Acts of 1932, Section 48-4301, et seq., in that all published notices advising of the project and requesting bids unequivocably stated that a portion of said program would be financed by a grant from a federal agency, which fact was known by the Town Board to be erroneous, and that the contract documents placed on record in the Clerk's Office so as to apprise the residents of the Town of the cost to them of such project also contained such unequivocal statements which were erroneous and known to be untrue by the Town Board at the time it adopted its ordinance, advertised for and accepted bids for said project, all of which is contrary to the statutory direction in the aforementioned Acts and is undisputed in the evidence adduced in these proceedings."

The appellees filed their motion for new trial on December 1, 1965, which motion, omitting formal parts and signatures, reads as follows:

"The Town of North Liberty, Indiana, the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana, move the Court for a new trial in the above-captioned proceedings for the following reasons and upon the grounds hereinafter stated:

1. Irregularity in the proceedings of the Court by which the above parties were prevented from having a fair trial in this, to-wit:

The Court erred in overruling the motion to dismiss and strike out filed by the Town of North Liberty, Indiana,

the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana.

2. Error at law occurring at the trial, as follows:
The court erred in overruling the motion to dismiss and strike out filed by the Town of North Liberty, Indiana, the Town Board of Trustees of North Liberty, Indiana, and Carl M. Eskridge, Clerk-Treasurer of the Town of North Liberty, Indiana.

3. The decision of the Court is contrary to law.

4. The decision of the Court is contrary to law in this: The undisputed evidence establishes that the objectors' objections were filed more than twenty (20) days after the adoption of Ordinance No. 1A on the 19th day of July, 1965 by the Town Board of Trustees of the Town of North Liberty, Indiana, and that said objections were not timely filed, and the objections should be dismissed.

5. The decision of the Court is not sustained by sufficient evidence.

6. The decision of the Court is not sustained by sufficient evidence in this:
The undisputed evidence establishes that the objectors' objections were filed more than twenty (20) days after the adoption of Ordinance No. 1A on the 19th day of July, 1965 by the Town Board of Trustees of the Town of North Liberty, Indiana, and that said objections were not timely filed, and the objections should be dismissed."

The court overruled both motions on December 1, 1965.

Appellants' sole Assignment of Error is:

"The appellees and cross-appellants aver there is manifest error in the judgment and proceedings in this cause which is prejudicial to appellees and cross-appellants in this:

"1. The court erred in overruling appellants' motion for a new trial."

Appellees' and cross-appellants' Assignment of Cross-Errors is as follows:

1. The court erred in overruling appellees and cross-appellants' motion for a new trial.

2. The court erred in overruling appellees and cross-appellants' motion to dismiss and strike out objections.

3. The court erred in overruling appellees and cross-appellants' motion to dismiss and strike out objections in

that: the objections filed by appellants and cross-appellees, as objectors, were not filed within the time permitted by law.

WHEREFORE, appellees and cross-appellants pray the judgment of the trial court be affirmed and not reversed."

The statutes authorizing the improvements sought to be made will be found in Burns' Indiana Statutes Annotated 1963 Repl., § 48-4301, et seq.; particular reference being had to §§ 48-4301, 48-4303, 48-4305 and 48-4314. In the interests of brevity these sections will not be set out here, but in essence they define the works contemplated, procedures involved to institute same, provide for notice and objections under the applicable statutes.

The parties hereto have entered into an agreed stipulation of facts which reads as follows:

"It is hereby stipulated by and between the parties to this proceedings that the following facts shall be accepted in evidence as true without the need of any further evidence thereon:

1. That, on or about July 19, 1965, the Town Board of Trustees of the Town of North Liberty, by its duly elected members of said Board met in a specially called session at the Town Hall in North Liberty, at which meeting Ordinance 1A was introduced, read a first time, read a second and third time by title only, and that said ordinance was therein voted upon by said Board of Trustees and adopted.

2. That, in so adopting said ordinance, the Board of Trustees suspended their rules of procedure and proceeded with the introduction, reading and adopting, all at said special session.

3. That no notice was ever given to any members of the public or residents and voters of the Town of North Liberty of the time and place of said specially called meeting.

4. That said Ordinance 1A, adopted at said special meeting, was never published, either prior to said specially called meeting or after its adoption.

5. That, at said special meeting, there were no members of the general public present, except the members of the Board and the Clerk-Treasurer.

6. That, at said special meeting, Ordinance 1B, entitled 'An Ordinance to fix the schedule of rates and charges to be

collected by the Town of North Liberty, Indiana, etc.', was introduced, which ordinance was set out for a public hearing on August 4, 1965, due publication of notice being ordered thereof.

7. That, at said special meeting, Ordinance 1C, entitled 'An Ordinance regulating the connection and use of the public and private sewers and drains, etc.,' was introduced, which ordinance was set out for a public meeting on August 4, 1965, due publication of notice being ordered thereof, and that a copy of the same is attached hereto, incorporated herein and marked Exhibit A.

8. That, on August 4, 1965, said Board of Trustees held said public meeting pursuant to its notices upon Ordinance 1B and 1C, at which meeting said ordinances were thereafter adopted.

9. That, after the introduction, adoption and ordering of such work, no notices were ever published or posted concerning Ordinance 1A either prior to the introduction and adoption of said ordinance or after its adoption for two weeks, once each week, in a newspaper of general circulation, published in such city, which notice of publication was to inform the public and respective contractors of the general nature of the work and of the fact that the drawings and specifications were on file in such office.

10. That, on or about the 13th day of May, 1965, there appeared in the Independent News published notice requesting bids on a sewer project, as more particularly described and set out in a copy of said notice, which is attached hereto, incorporated herein and marked Exhibit B.

16. That no pubilc hearing was ever held on Ordinance 1A either prior to or after its adoption.

17. That the Town of North Liberty has never received an order from the Stream Pollution Control Board of the State of Indiana directing or mandating the Town of North Liberty to establish either the sewage treatment plant or the sanitary and storm sewers contemplated within the project proposed by Ordinance 1A.

18. That the Board of Trustees propose to sell sewage revenue bonds in the amount of $350,000.00 to finance the construction of this program and will utilize the services of private contractors to carry out the actual work and construction contemplated.

19. That the Board of Trustees propose to utilize the funds received from said sewage revenue bonds to construct said sewage disposal plant, intersecting sewer system and

storm sewers as outlined in said ordinance and its notice heretofore identified as Exhibit B herein."

Appellants-objectors by their motion for new trial urge specifications 1 and 3a under rule 2-17. The thrust of their argument at 3(a) is that the inclusion of storm sewers in the project in question was improper. Appellants fail to point out that the storm sewers included were in fact storm relief sewers; that is, sewers to take storm water out of existing sanitary sewers. The effect of this is to take water which needs no treatment and dispose of it without running it through the proposed sewage disposal plant, thus not taxing the capacity of the disposal plant or increasing the necessary size and cost of the disposal plant. This was established by the testimony of Engineer Russell Eck and is not controverted. That storm relief sewers could properly be a part of the project is obviously includable in the language of Burns' Indiana Statutes Annotated 1963 Repl., § 48-4301:

" . . . intercepting sewers, main sewers, submain sewers, local and/or lateral sewers, outfall sewers, force mains, pumping stations, ejector stations and all other appurtenances necessary, or useful and convenient for the collection and treatment, purification and disposal in a sanitary manner, of the liquid and solid waste, sewage, night soil and industrial waste of such city or town, . . ."

Should appellants' construction be adopted, any city or town proceeding under the provisions of Burns' Indiana Statutes Annotated 1963 Repl., § 48-4301, et seq. would be required to construct a disposal plant large enough to needlessly treat storm water which is in the existing sanitary sewer rather than taking the sensible step of removing the storm water from the sanitary sewer so that treatment thereof is unnecessary. Appellants' construction is not consistent with the statutory language above cited or with the legislative intent expressed in the act:

"This act [§ 48-4301—48-4324] being necessary for the public health, safety and welfare, it shall be liberally con-

strued to effectuate the purposes hereof." § 48-4323 Burns' 1963 Repl.

Many of the issues that properly would have been necessary for a decision on appeal have become moot since this matter was heard by the trial court. The judgment of the trial court barred the sale of the revenue bonds as advertised, also it appears from the briefs that portions of the town formerly without the corporate limits have now been annexed, in short the courts and the parties hereto are now as a matter of practicality, in a new ball game.

The judgment of the court below is affirmed.

Lewis, C. J. and Arterburn, Hunter and Mote, JJ. concur.

NOTE.—Reported in 230 N. E. 2d 423.

Rehearing Reported in 235 N. E. 2d 462.