Leslie Mark THURSTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1282S496.

Supreme Court of Indiana.

Jan. 4, 1985.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Defendant-appellant, Leslie Mark Thurston, was charged by information with two counts of child molesting, Ind.Code § 35–42–4–3(a) (Burns 1979 Repl.), and one count of incest, Ind.Code § 35–46–1–3 (Burns 1979 Repl.) on October 13, 1981. Following a trial to the judge without a jury on July 13 and 14, 1982, defendant was found guilty on one count of child molesting and not guilty on the other two counts. He was sentenced to serve fourteen years in prison on his conviction.

In this direct appeal, defendant raises several issues:

(1) Whether the trial judge erred by permitting the State to introduce evidence of the time and place of the offense contrary to that stated in defendant's notice of alibi because the State's response to that notice was not timely filed.

(2) Whether the trial judge committed error in ruling that the State's response to defendant's notice of alibi was adequate.

(3) Whether the trial judge erroneously ruled that the victim's pre-trial statement to police was admissible.

(4) Whether the evidence was insufficient to support the conviction because the State failed to show that the offense charged occurred within the time period set out in the State's response to defendant's notice of alibi.

(5) Whether the trial judge made an adequate statement of aggravating circumstances to justify the imposition of an enhanced sentence.

On September 25, 1981, T.M., age ten, was brought to the police station by her father and gave a statement which was tape recorded and later transcribed. In her statement, T.M. described in detail acts of sexual fondling that she, the defendant's six-year-old stepdaughter and a six-year-old neighbor girl had engaged in with the defendant. She stated that these acts always occurred on Thursdays from approximately 6:00 p.m. to 9:00 p.m. while defendant's wife was at night school and that they took place in defendant's apartment which was above the apartment in which she lived. She stated that this had happened about twenty to twenty-five times and that she had known defendant for seven or eight months. She also described an act of fellatio she had engaged in with the defendant and further claimed that defendant had taken nude photographs of her and of his stepdaughter. These pictures and others of the defendant and T.M. and the defendant and his stepdaughter engaged in acts of fellatio were seized from defendant's automobile pursuant to the execution of a search warrant. Defendant was convicted of molesting T.M.

I.

The information charging defendant with molesting T.M. stated that this offense occurred "on or about the 10th day of September, 1981." On June 1, 1982, defendant filed a "Notice of Alibi Defense" pursuant to Ind.Code § 35–5–1–1 (Burns 1979 Repl.) [Acts 1935, ch. 228, §§ 1–3; 1974, P.L. 143, §§ 36, 37 (repealed 1982); for new law see Ind.Code § 35–36–4–1 (Burns Supp.1984)] which provided in pertinent part:

"Whenever a defendant in a criminal case ... shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten [10] days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or information as the time of such offense."

Defendant's notice stated that at the time of the offense as charged he was at 900 Belvedere Court, Kokomo, Howard County, Indiana. This was his place of work.

He further requested that the prosecutor file a specific statement denoting the exact date, time and location of the offense charged under Ind.Code § 35–5–1–2 (Burns 1979 Repl.) [Acts 1935, ch. 228, §§ 1–3; 1974, P.L. 143, §§ 36, 37 (repealed 1982); for new law see Ind.Code § 35–36–4–2 (Burns Supp.1984)] which stated in part:

"In the defendant's notice, required under this chapter, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecutor proposes to present at trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where the defendant was alleged to have committed or to have participated in this offense. If the defendant's notice requires such statement by the prosecuting attorney ..., the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight [8] days before the trial."

On June 4, 1982, the State filed its "Response to Defendant's Notice of Alibi" reciting that the State expected to prove at trial that the offenses occurred between April 1, 1981, and October 1, 1981, at 1805 ½ North Wabash Street, Kokomo, Howard County, Indiana, the defendant's residence. On June 9, 1982, the defendant filed a "Motion to Strike" claiming that the State's response to his notice of alibi did not state the exact date on which the offense charged occurred and praying that the court "require the State of Indiana to file an amended response to the alibi notice" stating that exact date of the offense. The trial court took defendant's motion under consideration and on July 1, 1982, granted it, ordering the State to file a more specific answer, while also ruling that the State did not have to be exact in its answer. On July 12, 1982, the day before defendant's trial began, the State filed a second "State's Response to Defendant's Notice of Alibi" which stated that the State expected to prove that the offense charged occurred between August 1, 1981, and October 1, 1981, at the North Wabash Street address.

At trial when the State's first witness, Officer Donald Mills, attempted to testify about the execution of the search warrant at 1805 ½ North Wabash, defense counsel objected and moved to strike the State's second response, in part on the basis that the State's response had not been timely filed and that therefore any evidence as to date and place different from that specified in the defendant's notice should be excluded. In so asserting, he cited Ind.Code § 35–5–1–3 (Burns 1979 Repl.) [Acts 1935, ch. 228, §§ 1–3; 1974; P.L. 143, §§ 36, 37 (repealed 1982); for new law see Ind.Code § 35–36–4–3 (Burns Supp.1984)] which provided in part:

"At the trial, if it appears that the prosecuting attorney has failed to file and to serve upon the defendant or upon his counsel the prosecuting attorney's statement as prescribed herein, the court shall, in the absence of a showing of good cause for such failure by the prosecuting attorney, exclude evidence offered by the prosecuting attorney to show that the defendant was at a place other than the place stated in the defendant's original notice and that the time was other than the time stated in the defendant's original notice."

The trial court conducted a lengthy hearing on whether there was good cause for the State to file its response after the eight day deadline prescribed by the statute. At the conclusion of this hearing, the judge ruled that irrespective of whether the State had shown good cause for its late filing, the State's second response was an amendment to the first response and related back to the date of the original filing and was therefore timely. Defendant was granted a continuing objection to all evidence outside his notice of alibi defense.

■ Defendant claims that the trial court erred in ruling that the second response was an amendment to the State's original response and was thus timely. He claims that the State did not designate the second response as an amendment and that the record does not support a finding that it was one. However, the record does show that defendant specifically requested in his motion to strike that the State *amend* its response and that the trial judge granted defendant's motion. The place specified in the first response was not changed and the time period was only narrowed from one direction of its outside limit. The trial judge ruled that in granting defendant's motion to strike he had ordered the State to amend its answer and therefore the State's second answer related back to its first and was timely filed. We do not believe the ruling of the trial judge was error.

## II.

■ In his motion to strike the State's second response to his notice of alibi defense made after the trial began, defendant also argued that the response should be stricken because it was not adequate. The trial judge ruled that the State's amended response was sufficiently specific and overruled and denied defendant's oral motion to strike. Defendant argues on appeal that this was error, claiming that the State's response was overbroad since it encompassed a two month period rather than indicating the specific date of the offense.

We have held that "the purpose of the notice of alibi statute is to narrow the factual issues of time and place to the degree practicable." *Bruce v. State* (1978), 268 Ind. 180, 207, 375 N.E.2d 1042, 1058, *cert. denied* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. In *Bruce* the defendant was charged with the murders of an elderly couple. The prosecutor's response to defendant's notice of alibi indicated that the State would prove that the murders occurred on February 4, 1974. Bruce argued that he should be more specifically apprised of the time of the offense. We found there that the evidence supported the conclusion that the State could not narrow its response beyond the twenty-four hour period since no one had seen the victims for nearly forty-eight hours and the medical testimony as to the time of death was conflicting. We said, "[W]e hold that section 35–5–1–2 requires the prosecutor to state the time of the offense with such reasonable specificity as the circumstances of the case allow .... [Here] the prosecutor's statement of the time was as precise as reasonably possible, and was adequate to satisfy section 35–5–1–2." *Id.* at 208, 375 N.E.2d at 1058.

In the instant case, as in *Bruce,* the circumstances did not allow the narrowing of the time period beyond that stated in the State's amended response. The proof showed weekly meetings and repeated sexual aggressive acts between the victim and the defendant on Thursdays within a three-hour time span. The ten-year-old victim was unable to recall or relate a specific date when the activity proscribed by subsection (a) of the child molesting statute occurred. It would not be practicable in a case like this to confine the State to a more specific time in its proof. We do not see how the prosecution could have done a better job of pinpointing the time of the offense or how the defendant was rendered unable to adequately prepare a defense to the charge.

## III.

■ Defendant next contends that the trial judge erroneously admitted T.M.'s pre-

trial statement to police. T.M. gave that tape recorded statement on September 25, 1981, detailing the acts of fondling and fellatio. She signed the transcription of that statement. At trial, T.M. testified that she was eleven years of age and had lived at 1805 North Wabash. She identified the defendant and testified that she had spent time with him in his apartment on Thursdays while his wife was at school. T.M. identified herself and the defendant in the photographs taken from defendant's automobile and stated that all of the photographs were taken on the same day and that she was ten years old at the time. Some of these pictures were later admitted as evidence corroborative of T.M.'s statement. T.M. recalled giving her September 25 statement and acknowledged that State's Exhibit R was her statement and bore her signature. The prosecutor was unable to elicit further direct testimony from T.M. about what occurred during the Thursday encounters.

Immediately after T.M. left the witness stand, the State recalled Officer Donald Mills. He identified State's Exhibit R as T.M.'s statement and testified that it was a true and accurate transcription of the conversation he had with T.M. on September 25, 1981. The State then offered Exhibit R into evidence. Defendant objected in part on the basis that the statement was hearsay and that the admission of the statement would deny him his constitutional right to confront and cross-examine the witness. The trial judge overruled the objection and admitted the statement. Defendant contends that the statement was not admissible under *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482, which provided for the substantive use of out-of-court statements of witnesses present and subject to cross-examination at trial.

His claim that the statement was inadmissible because it was not offered at the time the declarant (T.M.) was on the stand, however, was rejected in *Lowery v. State* (1982), Ind., 434 N.E.2d 868. There, the pre-trial statement of the defendant's wife was offered into evidence through a police officer after the declarant had left the witness stand. We upheld the admissibility of that statement. Furthermore, in *California v. Green* (1970), 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489, the United States Supreme Court said,

"[W]here the declarant is not absent, but is present to testify and to submit to cross-examination, our cases, if anything, support the conclusion that the admission of his out-of-court statement does not create a confrontation problem."

*Id.* at 162, 90 S.Ct. at 1937, 26 L.Ed.2d at 499. We do not believe that the trial judge committed error in admitting T.M.'s pre-trial statement where she remembered and acknowledged giving it and was present and available for cross-examination.

## IV.

■ Defendant also asserts that the evidence was not sufficient to support his conviction. He claims that his conviction may not stand because the State did not prove that the offense charged occurred within the two month period specified in the State's response to defendant's notice of alibi defense. This Court has said, in *Woods v. State* (1968), 250 Ind. 132, 143, 235 N.E.2d 479, 485:

"It has been recognized at least twice by this Court that where time is not of the essence of the offense, even though the allegation specifies the crime to have occurred on a specific date, the State may prove that the crime occurred at any time prior to the filing of the affidavit or indictment and within the statutory period of limitations. However, these same cases recognize that this general rule yields to a requirement of specific proof where the 'alibi statutes', supra, are invoked. *Stallings v. State* (1953), 232 Ind. 646, 114 N.E.2d 771; *Evans v. State* (1946), 224 Ind. 428, 68 N.E.2d 546."

The defendant called his wife as his only witness. She testified that defendant was at work at 900 Belvedere Court on September 10, 1981. On cross-examination, she stated that he left for work around 8:00 a.m. and returned home about the time she

left for school at 6:00 p.m. on that day. This was the only evidence presented pertaining to defendant's alibi.

The State's proof was that the defendant coerced T.M. to engage in an act of fellatio with him at his apartment on a Thursday after 6:00 p.m. while his wife was at school. It may be fairly inferred from the direct proof that a photograph of this event was taken. During direct testimony of T.M. regarding pictures being taken during these Thursday episodes the following appears in the record:

"Q. [T.M.] did you know at the time that you gave the statement to Officer Mills when the pictures were taken?

A. Just in September."

This was sufficient evidence upon which to base the deduction that the misconduct upon which the molesting charge was predicated occurred during the time period alleged in the State's response.

## V.

Defendant finally contends that the trial judge failed to make an adequate statement of aggravating circumstances to support the imposition of an enhanced sentence. Defendant was convicted of a class B felony for which the presumptive sentence was ten years. The trial judge increased the basic sentence by four years after a sentencing hearing.

■ Indiana Code § 35-4.1-4-7 (Ind. Code § 35-50-1A-7, Burns 1979 Repl.) [Acts 1976, P.L. 148, § 15, p. 718; 1977, P.L. 340, § 139, p. 1533 (repealed); for new law see Ind.Code § 35-38-1-7 (Burns Supp. 1984)] provides that in making a sentencing decision, the sentencing judge *must* consider the risk that the defendant will commit another crime, the nature and circumstances of the crime committed and the prior criminal record, character and condition of the defendant. The statute also enumerates several factors that *may* be considered as aggravating or mitigating circumstances. These criteria serve as guidelines but do not limit the matters the judge may consider in determining the sentence. Ind.Code § 35-4.1-4-7(d) (Ind.Code § 35-50-1A-7[d], Burns 1979 Repl.).

■ At the sentencing hearing, the judge specifically and individually considered all of the statutory criteria. He then justified the imposition of the enhanced sentence by stating,

"[T]he child being 11 years of age, being a minor, in this opinion of the court, because of that aspect and because of your age and influence apparently over her, she was somewhat mentally infirmed. The imposition of a lesser sentence would depreciate the seriousness of the crime. In view of the fact that by your own admission in the pre-sentence report, although you were not found guilty of anything in which your stepdaughter was involved in this situation, there seems to have been prior conduct of a minor sexual nature. The criminal activity not being heinous, the prior criminal activity, that it is the opinion of the court that the circumstances under which this occurred is manipulative in that the crime occurred while your wife was away so that the situation would be one of privacy. The area in which it occurred was your home, with the door locked, and for those reasons the court has imposed the 14 year sentence."

We find this statement of reasons, which included specific aggravating circumstances and adverted to the manipulative, deceptive and furtive nature of defendant's conduct, was sufficient to support the imposition of an additional four year term of imprisonment. Furthermore, under our scope of review of sentences, we do not find this sentence manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind.R.App.Rev. Sen. 2(1).

Defendant's conviction and sentence are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.