**Melon CARROLL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 779S175.

Supreme Court of Indiana.

April 7, 1980.

Harriette Bailey Conn, Public Defender, Carr L. Darden, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

Petitioner, Melon Carroll, was convicted in a bench trial of kidnapping, Burns Ind. Stat.Ann. § 10–2901 (1956 Repl.), Ind.Code § 35–1–55–1 (Burns Supp.1973), and rape, Burns Ind.Stat.Ann. § 10–4201 (1956 Repl.), Ind.Code § 35–13–4–3 (Burns Supp.1973), on December 19, 1973, and sentenced to life imprisonment and two to twenty-one years' imprisonment respectively on January 11, 1974. Petitioner filed a motion for correction of sentence on January 23, 1979, which was denominated and treated as a petition for postconviction relief. Ind.R.P.C. 1. Petitioner now appeals the denial of that relief to this Court. Ind.R.P.C. 1, § 7.

On appeal, petitioner argues that he is now entitled to sentencing under the ameliorative provisions of the new criminal code which became effective on October 1, 1977.

■ Petitioner concedes that this Court has repeatedly held that the sentencing provisions of the new criminal code are not applicable to prosecutions begun or crimes committed prior to October 1, 1977. *Lynk v. State*, (1979) Ind., 393 N.E.2d 751; *Parks v. State*, (1979) Ind., 389 N.E.2d 286; *State v. Palmer*, (1979) Ind., 386 N.E.2d 946; *Holsclaw v. State*, (1979) Ind., 384 N.E.2d 1026; *Watford v. State*, (1979) Ind., 384 N.E.2d 1030; *Rogers v. State*, (1979) Ind., 383 N.E.2d 1035. Petitioner, however, claims that the application of prior law constitutes vindictive justice in violation of Article 1, § 18 of the Indiana Constitution in light of the lesser penalties for kidnapping and confinement under current law. Ind.Code § 35–42–3–2 and 3 (Burns 1979 Repl.). We have recently decided this very question adversely to petitioner in the case of *Vicory v. State*, (1980) Ind., 400 N.E.2d 1380. In that case we concluded that the application of prior law to those who committed crimes and were convicted and sentenced while that law was in effect does not constitute vindictive justice.

■ Petitioner also claims that his sentence for kidnapping is greatly disproportioned to the penalties for confinement and kidnapping under the new code and is

therefore contrary to U.S.Const. amend VIII and Ind.Const. Art. 1, § 16. Petitioner cites no authority for this proposition. We point out that penal statutes must be viewed in historical context. *Vicory v. State, supra.*

The United States Supreme Court has held that the Eighth Amendment requires that a penalty be proportioned to the offense. *Weems v. United States*, (1910) 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793. This Court has held that life imprisonment for kidnapping comports with this requirement. *Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216. This finding has not changed now that those who violate the new statute will receive lesser sentences. *Vicory v. State, supra.*

For the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.