Ronald WINGETT, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–9308–CR–881.

Supreme Court of Indiana.

Sept. 27, 1994.

S. Sargent Visher, Choate Visher & Haith, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Arthur Thaddeus Perry, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

The State originally sought the death penalty; however, pursuant to a plea bargain, appellant pled guilty to one count of Murder, one count of Robbery and one count of Carrying a Handgun Without a License with the understanding that there would be no death penalty. He was sentenced to a term of sixty (60) years on the murder conviction, which was enhanced by thirty (30) years due to a habitual offender finding. Appellant received a twenty (20) year consecutive sentence for the robbery conviction. The handgun conviction was merged with the robbery conviction.

The following is the factual basis that the prosecution presented for the guilty plea. On March 6, 1991, the police were called to a church parking lot in Indianapolis, Indiana where Jerry Cooper showed them the body of Timothy Pfeifer. Several witnesses reported that they heard gun shots around 3:00 a.m. The police established that Pfeifer had been seen alive the night before at a bar with two other men, one of whom was in a wheelchair and named Wingett, the appellant. The police later learned that on March 9, 1991, appellant was in custody in Bloomington, Indiana, along with Kimberly Paul and James Buergin. Both Paul and Buergin informed the police that appellant told them he shot a person several days earlier. Buergin also informed the police that appellant had a nine millimeter pistol that was located at a place where Buergin resided in Mooresville, Indiana. Buergin gave consent to the police to search his residence to locate the weapon.

Later, the police *Mirandized* appellant and interviewed him, at which time he informed them that he and David Coomer were with Pfeifer during the early morning hours of March 6, 1991. Appellant also indicated that the two of them pulled guns on Pfeifer, that

Coomer took $3 from Pfeifer's person, and that appellant shot Pfeifer first in the neck area and then again as Pfeifer ran from the area. Appellant fired several times, striking Pfeifer in the head, which subsequently killed him.

For the habitual offender determination, the State showed that appellant committed a burglary on February 17, 1978, for which he was convicted on February 26, 1979 and that he committed a robbery on May 27, 1983, for which he was convicted on October 29, 1984.

■ Appellant contends his sentences are manifestly unreasonable and disproportionate. He claims the trial court failed to consider important evidence in mitigation and failed to properly weigh the aggravating and mitigating factors.

In sentencing appellant, the trial court listed the following aggravating factors:

1. At a relatively early age Wingett was allowing minor children to either use drugs or be around him when was using drugs, as well as being around weapons;

2. Wingett told his friend, Jerry Buergin, that he would use weapons to prevent his own apprehension;

3. Wingett fought with the police at the time of the arrest, even though he was in a wheel chair, confronted with six police officers, and had a weapon at the time;

4. Wingett threatened to kill witnesses Jerry Buergin and Kimberly Paul;

5. According to the psychologist, Wingett has an anti-social personality disorder that prevents him from behaving within the bounds of social rules and law;

6. Wingett poses a substantial risk, that if allowed to remain free, he would commit another offense;

7. Wingett has been described as impulsive and a follower;

8. Wingett's record indicates a continuing escalation of criminal behavior and violence;

9. Wingett was on bond for another offense when this matter occurred and he was a fugitive on that bond

10. It was a cold-blooded, senseless killing.

The court listed the following mitigating factors:

1. That Wingett is wheel chair bound;

2. That he has substantial alcohol and substance abuse problems;

3. That he was intoxicated to a certain extent at the time the offense was committed;

4. He suffered a multitude of health problems at a very early age, including some allegations of brain damage;

5. The fact that his life expectancy is reduced as a result of him being a paraplegic; and

6. That he had no home life.

■ Appellant claims the trial court should have considered certain other mitigating factors. This Court has held that a sentence is not manifestly unreasonable unless no reasonable person could find it appropriate to the particular offense and offender. *Ferrell v. State* (1991), Ind., 565 N.E.2d 1070. It is for the trial judge to determine the sentencing weight to be given the aggravating or mitigating circumstances. *Wesby v. State* (1989), Ind., 535 N.E.2d 133. The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Id.*

The trial judge adequately set forth the aggravating and mitigating circumstances. He determined that the aggravating circumstances outweighed the mitigating circumstances. The trial judge was in the best position to determine these factors and the weight to afford to them. We will not usurp his prerogative.

While the trial judge sentenced appellant to enhanced time on both counts to run consecutively, in addition to the added thirty (30) years for the habitual offender determination, the sentence falls within the confines of the applicable statutes. In light of the senseless nature of the offense and character of appellant, we are unable to find that appellant's sentence was manifestly unreasonable.

■ Appellant claims he received a disproportionate sentence in violation of both the

Indiana and United States Constitutions. Article I, § 16 of the Indiana Constitution provides in part: "All penalties shall be proportioned to the nature of the offense." The United States Supreme Court has held that the Eight Amendment to the United States Constitution also requires that a penalty be proportioned to the offense. *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637; *Carroll v. State* (1980), 273 Ind. 118, 402 N.E.2d 1234, 1235, citing *Weems v. United States* (1910), 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793.

As mentioned above, we find that the manner in which appellant committed the offense of murder and robbery justified the sentence he received.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and SULLIVAN, JJ., concur.