**Michael JOHNSON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S00–9903–CR–191.

Supreme Court of Indiana.

March 29, 2000.

Patricia Caress McMath, Indianapolis, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet L. Parsanko, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellant.

SHEPARD, Chief Justice.

Appellant Michael Johnson appeals his conviction and sentence for murder, attempted murder, and carrying a handgun without a license. He presents two issues:

I. Whether error occurred when the jury heard some evidence of Johnson's prior criminal history, and

II. Whether Johnson's sentence was manifestly unreasonable.

### Facts and Procedural History

On March 17, 1997, Johnson and Damone Carter ("Damone") went to the home of Gary Davenport. There is conflicting testimony about the nature of the visit, although it was either to purchase drugs from Davenport or to rob him. (See R. at 339–40, 600–01.) Ronald Carter ("Ronald"), a friend of Davenport, was also at the house; he was watching television and trying "to program a radio." (R. at 261.)

When Johnson and Damone arrived at the house, Davenport came outside and spoke with Damone. Then, Ronald called out to Davenport that he had a phone call, so the three entered the house. At first, Damone, Ronald, and Johnson sat in the living room while Davenport went into a back room to hang up the phone. Damone and Ronald had previously met in prison and began getting reacquainted. After Davenport hung up the phone, he went into the kitchen area, which was visible from the living room. Johnson and Damone walked in between the living room and the kitchen, speaking with Davenport and with each other.

Eventually, Ronald looked up from fixing the radio and noticed that both Johnson and Damone were in the doorway facing him. Johnson pulled a gun out of the waistband of his pants. Ronald tried to run toward a patio door to his left, but a shot hit him in the back of the leg. Ronald fell, but managed to pull himself up and attempted to throw a television at Johnson, who was still standing in the

doorway. By now, however, Johnson had turned and was shooting at Davenport, who was still in the kitchen. When Ronald threw the television, Johnson turned and again shot at Ronald, hitting him in the arm. This shot caused Ronald to fall through the patio door.

When the police arrived, Ronald was still lying on the patio. Davenport was found dead, with gunshot wounds, in a utility room off of the kitchen. Ronald was taken to the hospital and required surgery.

The day after the shootings, Damone met with several police detectives and revealed that Johnson had shot Ronald and Davenport. At trial, Ronald identified Johnson as the man who shot him and Davenport.

The trial court sentenced Johnson to concurrent sentences of sixty years for murder, forty years for attempted murder, and one year for carrying a handgun without a license.

## I. Evidentiary Error is Not Preserved

Johnson first says the jury improperly heard evidence about his previous incarceration on an unrelated charge. The State introduced into evidence a tape and transcript of Johnson's statement to an investigating officer in which Johnson refers to being on parole.[1] (R. at 492, 608.) The prosecutor twice mentioned Johnson's parole during closing argument. (Supp. R. at 111, 113.)

■ Defense counsel did not object to this portion of Johnson's statement or request that the references to parole be redacted. Nor did counsel object to the prosecutor's statements during closing. Failure to object to the admission of evi-

dence waives an error for appellate review. *Townsend v. State*, 632 N.E.2d 727 (Ind. 1994). Similarly, a claim of prosecutorial misconduct is waived if there is no objection. *Stevens v. State*, 691 N.E.2d 412 (Ind.1997), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 550, 142 L.Ed.2d 457 (1998).[2]

■ Johnson also claims error occurred when the State asked an investigating officer, Detective Forrest, whether he had "any information with respect to Michael Johnson." (Appellant's Br. at 6, R. at 357.) Because Forrest had just finished discussing Damone Carter's drug activities, Johnson argues that the question left the jury with the impression that "Detective Forrest knew about Michael because Michael was involved in the drug trade." (Appellant's Br. at 6–7.)

Defense counsel objected to the question before Forrest was able to respond, and the court admonished the jurors and instructed them that questions were not evidence. We find this reference to Johnson's prior misconduct fragmentary at best. *See Schlomer v. State*, 580 N.E.2d 950 (Ind.1991). The probable persuasive effect of the question was negligible.

## II. Five–Year Enhancement Was Reasonable

Johnson next claims that his concurrent sentences of sixty years for murder and forty years for attempted murder were manifestly unreasonable.

■ In imposing a sentence, a court should 1) identify the significant aggravators and mitigators, 2) relate the specific facts and reasons that lead the court to find those aggravators and mitigators, and 3) demonstrate it has balanced the aggra-

---

1. Specifically, Johnson states, in reference to carrying a handgun:

   I been having the gun for years, I been having the gun for years ... and like when I had got out in 96, July of 96, it was just sitting there and like I said I don't carry it or nothing, it's just there for protection, I don't know why, knowing I was on parole I wasn't suppose[d] to have a gun but it was

   just there, I just kept it full and kept it loaded, I ain't never carried the gun.
   (R. at 608.)

2. Johnson claims these events are fundamental error, namely, a "blatant violation of basic principles rendering the trial unfair to the defendant." (Appellant's Br. at 7.) They are not.

vators against the mitigators in reaching its sentence. *Gregory v. State,* 644 N.E.2d 543 (Ind.1994). Sentencing decisions rest within the sound discretion of the trial court and we review them only for abuse of discretion. *Archer v. State,* 689 N.E.2d 678 (Ind.1997).

The trial court here found three statutory aggravating factors: 1) Johnson's history of criminal and delinquent activity, 2) that Johnson is in need of correctional or rehabilitative treatment that can best be provided in a penal facility, and 3) that the imposition of a reduced sentence or probation would depreciate the seriousness of the crime. (R. at 683–84.) As mitigating factors, the court listed Johnson's remorse and his strong family support. (*Id.*) It then determined that the aggravating factors outweighed the mitigating factors. (*Id.*)

■ The trial court properly found that Johnson's criminal history was an aggravating factor. *See* Ind.Code Ann. § 35–38–1–7.1(b)(2) (West Supp.1997). The court appropriately noted that Johnson was on parole at the time of the incident and had a prior conviction for criminal recklessness as a Class C felony and a true finding of criminal recklessness as a juvenile.

■ The court also properly determined that Johnson is in need of correctional and rehabilitative treatment best provided by a penal facility based on the fact that he had previously, and unsuccessfully, been placed on juvenile probation and adult probation, had been to prison, and was on parole when he committed the crime. (R. at 684); *see also* Ind.Code Ann. § 35–38–1–7.1(b)(3) (West Supp.1997).

As for finding that a given sentence might "depreciate the seriousness" of a crime, courts speak about this factor in two different ways. Indiana Code § 35–38–1–7.1(b)(4) says it is an aggravating circumstance that the "[i]mposition of a reduced sentence ... would depreciate the seriousness of the crime." Stated this way, the aggravator may only be used when mitigators might otherwise call for a sentence shorter than the presumptive one. *See Ector v. State,* 639 N.E.2d 1014, 1016 (Ind.1994). By contrast, judges sometimes say that a sentence less than an enhanced term sought by the prosecution would depreciate the seriousness of the crime, and this is an appropriate aggravator. *Id.*

■ Here, the trial court said that imposition of a "reduced sentence below the presumptive would depreciate the seriousness of the crime." (R. at 684.) It did not appear that the judge was considering a sentence below the standard term, however, so this finding was either inappropriate or entitled to very little weight.

■ Still, only one valid aggravating circumstance is necessary to support an enhanced sentence. *Hollins v. State,* 679 N.E.2d 1305 (Ind.1997). Since the trial court found two valid aggravating circumstances, the inappropriate use of this one aggravator did not make the enhanced sentence manifestly unreasonable.

Johnson also claims the court should have found additional mitigating circumstances: 1) that Damone Carter initiated the crime – not Johnson, 2) that Johnson committed the crime at a young age, and 3) that Johnson is a father who supports his child. (Appellant's Br. at 12.)

"The finding of mitigating factors is not mandatory and rests within the discretion of the trial court." *Wingett v. State,* 640 N.E.2d 372, 373 (Ind.1994). "Only when the trial court fails to find a significant mitigator that is clearly supported by the record is there a reasonable belief that it was improperly overlooked." *Legue v. State,* 688 N.E.2d 408, 411 (Ind.1997).

■ *Age.* Johnson was twenty years old at the time of the incident. We have previously held a court sentencing a twenty-one year old for murder could legitimately decide not to find age as a mitigator. *Herrera v. State,* 679 N.E.2d 1322 (Ind.1997). In light of that holding and a

record demonstrating that the court was well aware of Johnson's age,[3] we cannot say the court erred by not finding youth a mitigator.[4]

 *Fatherhood.* Dependent children are properly considered a mitigating factor under Ind.Code § 35–38–1–7.1(c)(10). Because Johnson would likely be in prison throughout the minority of his child, even under the standard sentence,[5] we cannot attach significant weight to the mitigator. *See Battles v. State,* 688 N.E.2d 1230, 1237 (Ind.1997).

*Instigator.* Finally, we address Johnson's contention that it was Damone Carter, and not Johnson, who initiated the crime. Inasmuch as it was Johnson who shot both victims, we are not surprised the trial court did not find this a significant mitigating factor.

 On a more general level, we note that the trial court added only five years to the murder sentence and ten years to attempted murder. She could have enhanced the sentence ten years for murder and twenty years for attempt.[6] Moreover, she ran Johnson's sentences concurrently. This is not manifestly unreasonable.

### Conclusion

We affirm the judgment of the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

**3.** It is clear from the record that the trial judge considered Johnson's age in sentencing stating: "You will be 52 years old if you get all of your good time when you get out of prison." (R. at 684.)

**4.** For sentencing purposes, maturity may be a better way of thinking of mitigating circumstances.

**5.** The presumptive sentence for murder is fifty-five years, to which the court added five. Ind.Code Ann. § 35–50–2–3 (West 1998).

**6.** *See* Ind.Code Ann. § 35–50–2–3 (West 1998); Ind.Code Ann. § 35–50–2–4 (West 1998).