**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TERRY E. IACOLI**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM SCHAFER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A01-1108-CR-386 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable G. Thomas Gray, Judge
Cause No. 55D01-1003-FB-69

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Adam Schafer appeals his sentence for Class B felony causing death when operating a motor vehicle with a schedule I or II controlled substance in his blood. We affirm.

**Issues**

Schafer raises two issues, which we restate as:

> I.  whether the trial court abused its discretion in sentencing him; and

> II.  whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

**Facts**

On September 10, 2009, shortly before 6:00 a.m., Bambi Brazzel was driving northbound on State Road 37 in Morgan County near Martinsville and called 911 to report an impaired driver. Brazzel reported that the driver of a Ford truck was behaving erratically by driving onto the shoulder, speeding, weaving in traffic, and stopping in the middle of an intersection at a red light. Morgan County Sheriff's Deputy Mark Wilson heard the dispatch regarding the impaired driver and pulled out onto northbound State Road 37. As Deputy Wilson neared the intersection of State Road 37 and State Road 252, he saw a truck ahead of him in the left lane approaching the intersection, saw that the light was red, and saw other vehicles stopped for the red light. Schafer, who was driving the truck, did not apply his brakes, and Deputy Wilson saw the intersection "just explode[]." Tr. p. 153. Schafer's vehicle struck a motorcycle driven by James Fisher, and Fisher was catapulted 110 feet. Fisher died as a result of the collision. Two vehicles

2

in front of Fisher's motorcycle were also damaged. Schafer's vehicle continued through the intersection and stopped approximately fifty yards north on State Road 37.

Officer John Richards of the Martinsville Police Department transported Schafer to the hospital for a blood draw. While at the hospital, Officer Richards overheard Schafer talking on his cell phone. Schafer was informing someone that he had been in a crash and that it "had ruined his day." Tr. p. 231. Schafer seemed "aloof" and "more concerned that this crash had ruined his day" than with the condition of the other drivers. Id. The blood draw revealed the presence of marijuana and methadone in Schafer's blood.[1] The parties stipulated that "Schafer's driver privileges, license or permit was suspended or revoked" at the time of the crash. State's Exhibit 22.

The State charged Schafer with Count I, Class B felony causing death when operating a motor vehicle with a schedule I or II controlled substance in his blood; Count II, Class C felony causing death when operating a motor vehicle while intoxicated; Count III, Class C felony causing death when operating a motor vehicle with a schedule I or II controlled substance in his blood; Count IV, Class A infraction driving while suspended; Count V, Class B felony causing death when operating a motor vehicle while intoxicated (enhancement to Count II); and Count VI, Class B felony causing death when operating a motor vehicle with a schedule I or II controlled substance in his blood (enhancement to Count III). A jury found Schafer guilty of Counts I through IV, and the State did not proceed on Counts V and VI.

---

[1] At the time of the crash, Schafer was on his way to a methadone clinic for treatment. The charges relate to the marijuana in his blood.

3

At the sentencing hearing, the trial court merged Counts II and III with Count I. The trial court found no mitigating factors and found Schafer's criminal history and the nature of the offense as aggravating factors. The trial court sentenced Schafer to eighteen years for Count I and imposed no additional time or fines for Count IV. Schafer now appeals.

**Analysis**

*I. Abuse of Discretion*

Schafer argues that the trial court abused its discretion by failing to consider certain proposed mitigators and by considering the nature of the offense as an aggravating factor. Sentencing decisions are within the sound discretion of the trial court. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. Id. at 490–91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. Id. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. Id.

Schafer argues that the trial court abused its discretion by failing to consider his age, one-year-old child, and addiction as mitigators. A trial court is not obligated to

4

accept a defendant's claim as to what constitutes a mitigating circumstance. Rascoe v. State, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. Anglemyer, 868 N.E.2d at 493.

At the time of the offense, Schafer was twenty-six years old, which is not such a young age that consideration as a mitigator is necessary. See Johnson v. State, 725 N.E.2d 864 (Ind. 2000) (rejecting the defendant's argument that the trial court abused its discretion by failing to consider his age of twenty years as a mitigator). As for the trial court's failure to consider his child as a mitigator, "[m]any persons convicted of serious crimes have one or more children and, absent special circumstances, trial courts are not required to find that imprisonment will result in an undue hardship." Dowdell v. State, 720 N.E.2d 1146, 1154 (Ind. 1999). Schafer did not demonstrate any special circumstances that would require hardship on his dependent to be considered a mitigator. Finally, although his drug addiction is certainly supported by the record, Schafer has failed to establish that this evidence is significantly mitigating. In fact, "[a] history of substance abuse may constitute a valid aggravating factor." Roney v. State, 872 N.E.2d 192, 199 (Ind. Ct. App. 2007), trans. denied. Schafer has a long history of drug abuse and, in fact, was on his way to a methadone clinic at the time of this offense. Given Schafer's failure to take advantage of prior rehabilitation opportunities, we cannot say that his drug addiction was significantly mitigating. The trial court did not abuse its discretion by finding no mitigators.

5

Next, Schafer argues that the trial court abused its discretion by considering the nature of the offense as an aggravating factor. "The nature and circumstances of an offense may properly be recognized as an aggravating circumstance." Hape v. State, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), trans. denied. In finding the nature of the offense as an aggravating factor, the trial court noted the "callousness of [Schafer's] driving before and after" the collision. Tr. p. 387. This finding was supported by Brazzel, who reported that Schafer was behaving erratically by driving onto the shoulder, speeding, weaving in traffic, and stopping in the middle of an intersection at a red light. Additionally, Deputy Wilson saw Schafer approach the intersection without applying his brakes. While at the hospital, Officer Richards overheard Schafer talking on his cell phone. Schafer was informing someone that he had been in a crash and that it "had ruined his day." Id. at 231. Schafer seemed "aloof" and "more concerned that this crash had ruined his day" than with the condition of the other drivers. Id. The trial court did not abuse its discretion by finding the nature of the offense as an aggravator.

## II. Inappropriate Sentence

Schafer argues that his eighteen-year sentence is inappropriate in light of the nature of the offenses and the character of the offender. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must

6

give due consideration to that decision. Id. We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. Id. Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." Id. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. Davidson v. State, 926 N.E.2d 1023, 1025 (Ind. 2010).

The nature of the offense reveals that, while under the influence of marijuana, Schafer drove his vehicle erratically on State Road 37 in Martinsville. At a red light, Schafer did not slow down and hit James Fisher's motorcycle. The intersection "exploded," and Fisher died as a result of the collision. Tr. p. 153. Although Schafer argues that he was not "impaired," a witness testified that he was driving onto the shoulder, speeding, weaving in traffic, and stopping in the middle of an intersection at a red light shortly before the crash. Appellant's Br. p. 10. Also, the jury found that Schafer was intoxicated at the time.

As for the character of the offender, Schafer argues that he is a husband and a father, he was working as a cook, and he was attempting to treat his addiction at a methadone clinic at the time of the crash. Schafer was twenty-six years old at the time of the crash. He had convictions for Class B misdemeanor illegal consumption of an alcoholic beverage, Class A misdemeanor conversion, Class D felony theft, and Class A misdemeanor operating a vehicle with a BAC of .15 or more. Schafer was found to have violated his various probations on five occasions, and he was on probation at the time of this offense. Schafer's driving privileges were also suspended at the time of this offense. While these charges were pending and he was released on bond, Schafer was charged with Class A felony dealing in methamphetamine, Class A felony conspiracy to commit dealing in methamphetamine, and Class C felony possession of two or more chemical reagents or precursors with intent to manufacture methamphetamine. Schafer's character is also demonstrated by his conduct after the crash at issue. While at the hospital, Schafer complained that the crash had ruined his day.

Given Schafer's criminal history, numerous opportunities to treat his addictions, and attitude after the collision, we cannot say that the eighteen-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

The trial court did not abuse its discretion in sentencing Schafer, and his eighteen-year sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.