## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Matthew A. Zook,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 12, 2019

Court of Appeals Case No.
18A-CR-2162

Appeal from the Bartholomew
Circuit Court

The Honorable Kelly S. Benjamin,
Judge

Trial Court Cause No.
03C01-1705-F2-2751

**Baker, Judge.**

Matthew Zook appeals the sentence imposed by the trial court after he pleaded guilty to one count of Level 2 Felony Dealing in a Narcotic Drug, arguing that the trial court erred when it failed to consider his admissions to the police and his guilty plea to be mitigating factors. Finding no error, we affirm.

# Facts

On April 19, 2017, Ronald Weatherald called Columbus Police Department Detective Toby Combest to inform him that Zook was dealing large amounts of narcotics in the Columbus area. Additionally, Justin Smith told Detective Combest that he had purchased heroin from Zook. With this information, Detective Combest obtained a valid search warrant, which allowed him to place a GPS unit on Zook's truck.

On May 5 and May 9, 2017, Zook travelled to Cincinnati, presumably to sell drugs. Once Zook returned to Bartholomew County on May 9, officers stopped him for a suspected traffic violation. One officer then deployed a drug-sniffing K-9 officer to conduct a free-air search around Zook's vehicle. The K-9 officer immediately alerted the officers to the presence of drugs inside the vehicle. After the officers read Zook his *Miranda*[1] rights, Zook admitted that there was heroin in his backpack inside the vehicle. The officers found almost thirty grams of heroin, two baggies filled with a substance later determined to be

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

methamphetamine, and a handgun in the backpack. Zook admitted that the baggies and the handgun were his. The officers arrested him.

[4] On May 16, 2017, the State charged Zook with one count of Level 2 felony dealing in a narcotic drug, one count of Level 3 felony possession of a narcotic drug, one count of Level 5 felony possession of methamphetamine, and one count of Class A misdemeanor carrying a handgun without a license. On June 25, 2018, Zook entered into an open guilty plea agreement, pursuant to which he agreed to plead guilty to the dealing in a narcotic drug charge in exchange for dismissal of the other charges. The trial court considered Zook's limited criminal history to be a mitigating factor. At the August 9, 2018, sentencing hearing, the trial court sentenced Zook to twenty years, with twelve years to be served in the Department of Correction (DOC), four years suspended to probation, and four years fully suspended. Zook now appeals.

# Discussion and Decision

[5] Zook's sole argument is that the trial court erred when it failed to consider his admissions to the police and his guilty plea to be mitigating factors. The maximum sentence for a person convicted of Level 2 felony dealing in a narcotic drug is thirty years, and the minimum sentence is ten years. Ind. Code § 35-50-2-4.5. The advisory sentence is seventeen and one-half years. *Id*. Here, the trial court imposed a twenty-year sentence, with four years suspended to probation and four years fully suspended.

[6] We will reverse a sentencing decision involving the use or non-use of certain mitigating factors only if the decision is clearly against the logic and effect of the facts and circumstances before the trial court and all reasonable inferences drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. We note that sentencing decisions are left to the sound discretion of the trial court. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). Specifically, with regards to mitigating factors, the trial court is under no obligation to find and/or use mitigating factors in its sentencing analysis. *Wingett v. State*, 640 N.E.2d 372, 373 (Ind. 1994). In fact, the burden is on the defendant to establish that a proffered mitigating factor is both significant and "clearly supported by the record[,]" *Anglemyer*, 868 N.E.2d at 493, if he alleges that the trial court failed to identify a mitigating circumstance. The trial court is under no obligation to accept the defendant's contentions as to what constitutes a mitigating factor, nor is it required to give the same weight to proffered mitigating factors as the defendant does. *Gross v. State*, 769 N.E.2d 1136, 1140 (Ind. 2002).

[7] First, regarding Zook's admissions to the police, the record does not clearly support the contention that his admissions were significant in any way. Rather, Zook only admitted to possession of the narcotics after the drug-sniffing K-9 officer alerted the officers to the presence of drugs. Then, only after the officers found the heroin along with methamphetamine and the unlicensed firearm did Zook admit to possession of those items as well. In other words, Zook only admitted to possession of the narcotics and the handgun after he knew that he

had been caught. Under these circumstances, the trial court did not err by failing to consider his admissions to the police to be a mitigating factor.

[8] Second, regarding Zook's guilty plea, it should be noted that "[a] guilty plea is not automatically a significant mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999) (footnote omitted). Moreover, if a defendant's guilty plea is more likely the result of pragmatism than acceptance of responsibility and remorse, it is less likely to be considered significantly mitigating. *Davies v. State*, 758 N.E.2d 981, 987 (Ind. Ct. App. 2001). Here, Zook substantially benefitted from pleading guilty because three charges against him were dismissed. Additionally, the evidence pointing to his guilt was overwhelming because he admitted to possession of the narcotics and the handgun. The trial court even highlighted the benefit that Zook received by pleading guilty and his unwillingness to fully accept responsibility for his actions:

> The first part of moving forward is being honest and when you testified, some of what you said I found not credible. Trying to mitigate yourself. Put yourself in a good light. Well . . . if you're just flat out honest about it. I don't feel I got that from you. You really tried hard to say I'm really not a dealer. Mr. Zook, you are a dealer. It's exactly what you were. And I'm sad for you, for your family but more than anything, I am sad for this community because of the devastation that you added from your conduct.

Tr. Vol. II p. 76. Given this record, the trial court did not err by failing to consider his guilty plea to be a mitigating factor.

[9]     The judgment of the trial court is affirmed.

May, J., and Tavitas, J., concur.