## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Mar 13 2020, 10:38 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Suzy St. John
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Eddie Bluitt,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 13, 2020

Court of Appeals Case No.
19A-CR-1386

Appeal from the Marion Superior Court

The Honorable Alicia A. Gooden, Judge

Trial Court Cause No.
49G21-1804-F4-12898

**Baker, Judge.**

[1] Eddie Bluitt appeals the sentence imposed by the trial court after he was convicted of Level 4 felony dealing in a narcotic drug and Level 5 felony dealing in a narcotic drug, arguing that (1) the trial court erred by rejecting certain proffered mitigators; and (2) his sentence is inappropriate in light of the nature of the offenses and his character. Finding no error and the sentence not inappropriate, we affirm.

## Facts

[2] On February 13, 2015, the Madison County Drug Task Force conducted a controlled drug buy with Bluitt after receiving pertinent information from a confidential informant about Bluitt's potential involvement in heroin trafficking. The undercover agent ended up purchasing approximately 2.95 grams of heroin and diphenhydramine from Bluitt. The Task Force conducted a similar controlled drug buy on June 23, 2015, during which Bluitt sold the undercover agent .97 grams of fentanyl.

[3] On April 20, 2018,[1] the State charged Bluitt with one count of Level 4 felony dealing in a narcotic drug and one count of Level 5 felony dealing in a narcotic drug. Additionally, on February 28, 2019, the State alleged that Bluitt was an habitual offender. At the conclusion of Bluitt's trial on May 1, 2019, the jury

---

[1] The record does not indicate why it took the State nearly three years to eventually arrest and charge Bluitt.

found Bluitt guilty as charged. However, the jury found that Bluitt was not an habitual offender.

[4] Following Bluitt's May 16, 2019, sentencing hearing, the trial court sentenced him to an aggregate term of eight years for the two counts, with five years to be served in the Department of Correction, two years to be served on community corrections, and one year suspended to probation. The trial court found Bluitt's substantial criminal history and past violations of probation and community corrections to be aggravators. The trial court found no mitigators. Bluitt now appeals.

## Discussion and Decision

## I. Mitigators

[5] First, Bluitt argues that the trial court erred by rejecting two proffered mitigators—namely, the hardship that Bluitt's incarceration will have on his minor children and the fact that the quantity of drugs involved was lower than typical drug offenses. As a general matter, sentencing decisions are left to the sound discretion of the trial court. *Smallwood v. State*, 773 N.E.2d 259, 263 (Ind. 2002). We will reverse a sentencing decision regarding certain mitigators only if the decision is clearly against the logic and effect of the facts and circumstances before the trial court and all reasonable inferences drawn therefrom. *Anglemyer v. State*, 868 N.E.2d 482, 490, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[6] Specifically, the trial court is under no obligation to find and/or use mitigators in its sentencing analysis. *Wingett v. State*, 640 N.E.2d 372, 373 (Ind. 1994). In

fact, the burden is on the defendant to establish that a proffered mitigator is both significant and "clearly supported by the record," *Anglemyer*, 868 N.E.2d at 493, if he alleges that the trial court failed to identify a mitigating circumstance.

[7] Simply put, Bluitt's argument is unavailing for two main reasons. First, most of Bluitt's attempts to have us reexamine the proffered mitigators and their import amount to nothing more than a request that we reweigh the evidence, which we may not do. It is not the job of this Court to dissect every element of Bluitt's case and determine whether he has led a rather modest and crime-free lifestyle warranting a sentence reduction. Rather, it is the province of this Court to determine whether the trial court, in its sentencing analysis, erroneously rejected certain proffered mitigators clearly supported by the record.

[8] And to that point, Bluitt's argument is similarly unavailing because the trial court already considered and rejected Bluitt's proffered mitigators without any indicia of error. With regards to whether Bluitt's incarceration would cause a hardship on his minor children, the trial court found, in pertinent part, as follows:

> The other thing that, you know, and I – I appreciate and understand that [Bluitt] has children, grandchildren, family members, that he cares about and obviously by virtue of the letters that I've read and so forth that obviously care about him. I have no doubt whatsoever that [Bluitt] has not [sic] played a significant role in their lives. And has – has been there for them and has taken them to lessons and activities and so forth. Um, I – I don't dispute that. However, these children have – were all alive at the time that this offense were [sic] committed. And I dare say that . . . any of

his children were aware that the same he might have been taken [sic] kids at activities and feeding them dinner and watching them or taking care of them or take [sic] them to the park, he was also dealing drugs. Um, and – and that is the reason why this court could not make a finding that there is a mitigating circumstance of undue hardship on a dependent because that's a credit to [Bluitt] that isn't deserved based on the facts and circumstances that are present.

Tr. Vol. III p. 103. In other words, the trial court conceded that Bluitt cared deeply for his minor children, but that the record showcased a very different parent/child relationship. The trial court found that while Bluitt was parenting his children, he was nevertheless dealing controlled substances in disregard of his role as a parent and mentor. It was apparent to the trial court that Bluitt did not value his children enough to refrain from committing these criminal actions, and therefore, he was not entitled to use the hardship of his incarceration as a mitigator during sentencing. In looking at the facts and circumstances before the trial court, we find that its decision was not erroneous.

[9] With regards to the fact that the quantity of drugs involved was lower than in typical drug offenses, the trial court found, in pertinent part, as follows:

Um, and the court recognizes that in terms of what [Bluitt] was found guilty of, um, in the context of what this court sees in terms of other cases, trials or not, this was a smaller amount of drugs that were [sic] involved. However, the evidence that was presented was – by the State, was far more convincing than many other cases that this court has seen in other trials. Here we had two witnesses that testified. We had video and audio evidence. We had a police officer testify. We had significant, um, incredible this court finds evidence of dealing. And that dealing might be a gram or two but it's dealing all the same. The jury found that there was dealing of fentanyl, um, and whether or not [Bluitt] knew that that's what

that was or what fentanyl is to begin with is frankly besides the point. And, um, is a small piece of, as [State's counsel] said, small piece of a very, very large horrible puzzle as to why there are hundreds of people dying in our community and across our nation because they're not aware of what fentanyl is and how deadly it is. So, the fact that [Bluitt] may have been a small fish in a larger sea of drug trafficking apparently include – including his son, um, does not excuse the behavior.

*Id.* at 102-03. Here, the trial court evaluated the totality of the circumstances and saw nothing in the record clearly supporting the notion that the smaller quantity of drugs in Bluitt's case would be a potential mitigator. The State was, in fact, required to prove beyond a reasonable doubt that Bluitt possessed the quantity of drugs required for conviction under the Level 4 and Level 5 felony statutes. So, as the trial court points out, the fact that Bluitt possessed *only* a certain amount of narcotics does not take away from the severity of his crimes or the concrete proof of both offenses.

[10] In sum, the trial court did not err by rejecting Bluitt's proffered mitigators.

# II. Appropriateness

[11] Next, Bluitt argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character.

[12] Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The question is not whether another sentence is more appropriate, but whether the defendant's specific sentence is inappropriate.

*Steinberg v. State*, 941 N.E.2d 515, 535 (Ind. Ct. App. 2011). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] For a Level 4 felony offense, the maximum sentence is twelve years, and the minimum sentence is two years. Ind. Code § 35-50-2-5.5. The advisory sentence is six years. *Id.* For a Level 5 felony offense, the maximum sentence is six years, and the minimum sentence is one year. I.C. § 35-50-2-6(b). The advisory sentence is three years. *Id.* Here, the trial court sentenced Bluitt to an aggregate term of eight years for the two counts, with five years to be served in the Department of Correction, two years to be served on community corrections, and one year suspended to probation.

[14] First, as to the nature of the offenses, Bluitt has committed serious drug crimes. Despite Bluitt's attempts to downplay the severity of his actions, controlled substance transactions and abuse have deleterious effects on a surrounding community. The Madison County Drug Task Force deliberately set up two separate controlled drug buys to see if Bluitt would sell drugs in willful defiance of the law, and he did it both times. Though not the most harmful or grotesque of criminal actions, Bluitt's deeds are nevertheless damaging and specifically

proscribed by Indiana law. Therefore, we find that the nature of the offenses does not render Bluitt's sentence inappropriate.

[15] Next, as to Bluitt's character, Bluitt has a long criminal history. He has previously been charged with and convicted of carrying a handgun without a license, possession of cocaine, possession of marijuana, driving with a suspended license, forgery, theft/receiving stolen property, dealing in marijuana, and dealing in a narcotic drug with the intent to deliver. *See Bailey v. State*, 763 N.E.2d 998, 1004 (Ind. 2002) (holding that a history of criminal activity can reflect poorly on a defendant's character at sentencing); *see also Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (holding that "it is appropriate to consider such a [criminal] record as a poor reflection on the defendant's character, because it may reveal that he . . . has not been deterred even after having been subjected to the police authority of the State[]").

[16] More to the point, Bluitt has been convicted of multiple drug crimes very similar to the crimes he was convicted of in this case, leading us to conclude that Bluitt has not learned the error of his ways. The fact that Bluitt has previously violated the terms of his probation and community corrections further underscores this point. Put another way, despite multiple opportunities for reform, Bluitt does not seem to understand the severity of his crimes and has not indicated that he will change his behavior anytime soon. Thus, we find that Bluitt's character does not render his sentence inappropriate.

[17] In sum, we will not revise Bluitt's sentence pursuant to Indiana Appellate Rule 7(B).

[18] The judgment of the trial court is affirmed.

Riley, J., and Brown, J., concur.