Darrell Allen THACKER,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–9103–CR–84.

Court of Appeals of Indiana,
Third District.

Sept. 30, 1991.

---

James F. Stanton, Crown Point, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Sue A. Bradley, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

HOFFMAN, Judge.

Defendant-appellant Darrell Allen Thacker appeals his conviction for child molesting, a Class B felony. Thacker was sentenced to a ten-year term of imprisonment.

On appeal, Thacker attacks the efficacy of the *Patterson* rule allowing testimony in evidence which would otherwise be considered inadmissible hearsay, and he contends that its use in his case resulted in the admission of evidence wherein the probative value was outweighed by the prejudicial effect. Thacker asserts that admission of testimony by a police officer, the victim's mother, and the victim's therapist impinged upon his due process rights. Also, Thacker contends that the cumulative effect of the *Patterson* statements prohibited a fair trial.

The facts relevant to the appeal disclose that in 1989, Thacker was charged with molesting his former stepson, R.B., between August 1986 and December 1986. The molestations came to the attention of authorities when R.B. was placed in counseling for behavioral problems. R.B.'s disclosure of the molestations to his therapist resulted in an immediate report to the authorities. An investigation led to the charge against Thacker.

D.T., R.B.'s mother, was married to Thacker from 1978 through 1986. Although evidence at trial revealed that the molestations commenced in 1980 when R.B. was four-years old and continued on a frequent basis until 1986 when R.B. was ten, the focal point of the evidence revolved around an incident within the time frame of the charging information. The specific incident occurred while D.T. left home on an errand. Thacker remained at home with R.B., R.B.'s younger brother J.B., and Thacker and D.T.'s daughter T.T. While combing his hair after showering, R.B. was confronted by Thacker. Thacker ordered R.B. to pull down his pants. R.B. refused. Thacker threatened R.B. R.B. continued to refuse. Thacker then physically forced R.B. to comply. Thacker performed anal intercourse on R.B. T.T. then yelled that D.T. had returned home. Thacker ordered R.B. to dress quickly. D.T. was standing near the bathroom door as R.B. and Thacker were exiting. R.B. and Thacker were both zipping their pants as they walked out of the bathroom. D.T. told Thacker to leave the house.

On appeal Thacker maintains that allowing a police officer, D.T., and R.B.'s therapist to testify regarding the incident, as allowed by *Patterson,* requires reexamination of the *Patterson* rule. *See Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482 (out-of-court statements by declarant who is present and available for cross-examination may be used as substantive evidence). Thacker urges the view announced in the dissent to *Patterson.* Because Thacker did not object at any point relevant

to the complained of testimony, Thacker also urges fundamental error. *See Johnson v. State* (1990), Ind.App., 555 N.E.2d 1362, 1364 (failure to preserve error at trial constitutes waiver unless error rises to level of fundamental error); *see also Haymaker v. State* (1988), Ind., 528 N.E.2d 83, 85–86 (fundamental error is error that if not corrected would deny defendant fundamental due process).

The *Patterson* rule, albeit misused and abused, is firmly entrenched in Indiana common law. This Court is not the proper forum to effect change or abolition of the Indiana Supreme Court's decision in *Patterson.*

▮ Thacker contends that through the use of statements admitted under the *Patterson* rule, the jury was exposed to highly prejudicial evidence with no probative value. Initially it should be noted that on cross-examination of the police officer, Thacker elicited testimony regarding R.B.'s statements about the incident in the bathroom. An appellant cannot maintain grounds for reversible error when the defendant invited the error. *Cf. Lacy v. State* (1982), Ind., 438 N.E.2d 968, 971. Similarly, an appellant cannot complain of erroneously admitted evidence when evidence of the same probative value is admitted without objection. *See Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1089. Further, the police officer's testimony as to statements made by R.B. was admissible as an explanation as to why an investigation of Thacker commenced. *See Johnston v. State* (1988), Ind., 530 N.E.2d 1179, 1181 (testimony containing extra-judicial statements introduced primarily to explain particular course of action does not constitute hearsay because not offered for truth of matter asserted).

▮ The testimony by D.T. as to the incident was not hearsay. Contrary to Thacker's allegation, D.T. did not testify as to statements by R.B. Instead, D.T. related only her observations. *See Bustamante v. State* (1990), Ind., 557 N.E.2d 1313, 1316 (defining hearsay as extra-judicial statements offered to prove truth of facts asserted therein resting on credibility of declarant who is not in court and who is unavailable for cross-examination). Here, D.T. testified that when she returned home she witnessed R.B. and Thacker exiting the bathroom. R.B. lowered his head and looked ashamed. Both R.B. and Thacker were adjusting their pants. D.T. told Thacker to leave. No error occurred in allowing D.T. to relate her personal observations or her own statements. The testimony about the incident does not constitute hearsay and was not admitted under *Patterson.*

Also, the testimony by the therapist as to the bathroom incident was brief and without detail. The therapist related only what D.T. had observed when she returned home. As to that incident the therapist testified that after D.T. returned home from an errand, "she caught Mr. Thacker and [R.B.] coming out of the bathroom." Largely, the therapist confined her testimony to the diagnosis and treatment of R.B. *See Altmeyer v. State* (1988), Ind., 519 N.E.2d 138, 143 (social worker's testimony as to statements by declarants regarding defendant's sexual attacks was not inadmissible where statements explained involvement in case and how investigation began). Again, Thacker fails to present any error as to the testimony.

▮ Both D.T. and the therapist gave brief descriptions of the general pattern of the molestations as related to them by R.B. As noted above, the descriptions were not inadmissible inasmuch as they explained the origins of the investigation into the charge against Thacker. *Id.* Further, the brief descriptions were admitted without objection and even if viewed as evidence of other uncharged acts, on appeal Thacker does not present any argument as to the admission of evidence regarding uncharged acts. No error occurred.

Thacker baldly asserts that admission of the testimony by the police officer, D.T., and the therapist violated his rights to due process and his right to confront witnesses. As discussed above, the testimony was ad-

missible. Also, the confrontation clause may be satisfied when the defense is afforded a full and fair opportunity to probe and expose infirmities in a witness' testimony, thereby calling to the attention of the fact-finder any possible reasons for allowing scant weight to the witness' testimony. *Hendricks v. State* (1990), Ind.App., 554 N.E.2d 1140, 1143, *modified on other grounds,* 562 N.E.2d 725, 726. Such was the case here. Thacker fully cross-examined the witnesses. No error occurred.

Finally, Thacker contends that allowing the witnesses to testify as to R.B.'s statements runs afoul of the pronouncements in *Stone v. State* (1989), Ind.App., 536 N.E.2d 534. In *Stone* the Court determined that allowing the victim, four adult witnesses and the victim's sister to testify as to the victim's version of the events overbore the defendant's presumption of innocence thereby denying the defendant a fair trial. *Id.* at 537–541; but compare *Coates v. State* (1989), Ind., 534 N.E.2d 1087, 1097 (allowing five *Patterson*-type statements); and *Buttram v. State* (1978), 269 Ind. 598, 382 N.E.2d 166, 169–170 (cited by Court in *Stone,* allowing three *Patterson*-type statements).

In *Stone* the Court noted that the *Patterson*-type testimony presented to the jury seven times did not "illustrate previous testimony or present a different version of the facts to which [the victim] testified at trial." *Id.* at 538; *see also DeMotte v. State* (1990), Ind.App., 555 N.E.2d 1336, 1339 (Court found that five *Patterson* statements included different facts or versions of facts by each witness consequently trial court did not abuse discretion in allowing admission of statements).

Placing aside the obvious shortcomings to a purely quantitative measure of the admissibility of *Patterson*-type statements, the application of *Stone* is also limited by its factual setting. In *Stone* six witnesses were allowed to testify seven times regarding the victim's version of the incident. Each witness testified as to the same facts without supplying additional or different information. Such is not the case here.

In the present case, arguably only the police officer's testimony regarding the incident fell within the confines of *Patterson.* Further, the testimony of the witnesses was admissible as explanation for the investigation especially where the investigation commenced approximately three years after the incident for which Thacker was charged. *Stone* is inapplicable.

There being no finding of reversible error, the judgment of conviction is affirmed.

Affirmed.

CHEZEM, J., concurs.

GARRARD, J., concurs in result.