# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**SUSAN D. RAYL**
Smith Rayl Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

**FILED**
Jul 13 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

## IN THE
## COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COREY COLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-CR-1019 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol J. Orbison, Judge
Cause No. 49G02-0907-FB-64032

**July 13, 2012**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Corey Cole appeals his conviction of Class B felony rape.[1] He presents two issues for our consideration:

1. Whether the trial court abused its discretion when it sustained the State's objection to Cole's attempt to refresh the victim's memory with a writing made by another witness; and

2. Whether the trial court's admission of hearsay constituted a fundamental error.

We affirm.

## FACTS AND PROCEDURAL HISTORY

At 11:00 p.m. on July 11, 2008, J.S. left work. Thereafter she consumed several alcoholic beverages at two bars. J.S. testified she does not remember anything after leaving the second bar. Around 1:00 a.m. on July 12, J.S. arrived at the bar where her boyfriend, D.R., tended bar. D.R. noticed she was "very intoxicated, to the point of incoherency." (Tr. at 31.) After J.S. passed out in the bar, D.R. carried her to his car and left the car unlocked. J.S.'s roommate, K.G., testified she checked on J.S. three times throughout the early morning hours. K.G. testified J.S. was passed out in the passenger side of D.R.'s car and J.S. did not acknowledge K.G. when she checked on J.S.

The last time K.G. checked on J.S., she noticed a man she later described as a "little taller, skinny, black," (*Id*. at 14), exit the driver's side of the car and take off running. K.G. approached the car and found J.S. in a state of undress. She alerted D.R., who testified J.S. was "completely passed out with her – her legs her [sic] up, her dress was down, her

---

[1] Ind. Code § 35-42-4-1(a).

2

underwear was gone, her shoes were off." (*Id*. at 35.) K.G. alerted Kory Dickerson, an off-duty police officer who was working security at the bar.

Officer Dickerson attempted to wake J.S., but she was unresponsive. She remained unresponsive even as medics arrived and checked her vital signs. Detective Michael Hanson and a sex crimes deputy prosecutor also attempted to wake J.S., to no avail. J.S. finally awoke in the ambulance on the way to the hospital, sometime after 3:56 a.m.

At the hospital, Detective Hanson informed J.S. that she may have been sexually assaulted and J.S. consented to collection of evidence using a rape kit. J.S. had a blood alcohol level of .27. J.S. was unable to identify her attacker in a photo array. Based on DNA analysis of the fluids found on J.S., the police identified Cole as a suspect. Cole's DNA and fingerprints were found on a beer bottle near D.R.'s car.

Cole was charged with Class B felony rape. At trial, Cole admitted he had sexual intercourse with J.S. but claimed it was consensual. The trial court found Cole guilty as charged, and sentenced him to twelve years with six years suspended.

## DISCUSSION AND DECISION

The trial court has broad discretion when deciding whether to admit evidence. *Gaby v. State*, 949 N.E.2d 870, 877 (Ind. Ct. App. 2011). We will not reverse the trial court's decision absent a showing of a manifest abuse of that discretion resulting in the denial of a fair trial. *Id*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*.

1.      Refreshing Recollection

Indiana Evidence Rule 612(a) allows a questioner to refresh a witness's memory using a writing or similar device after the witness indicates she has no memory of the information sought. *Thompson v. State*, 728 N.E.2d 155, 160 (Ind. 2000). The item used to refresh the witness's memory does not need to have been written by the witness. *Id.*

Cole tried to refresh J.S.'s memory using a writing prepared by the sexual assault nurse who met with J.S. after the rape. He argues the trial court abused its discretion when it sustained the State's objection. During Cole's cross-examination of J.S., he asked her about a conversation she had with the nurse from The Center of Hope:

| | |
|---|---|
| [Defense]: | Do you recall talking to a nurse? |
| [J.S.]: | Yes. |
| [Defense]: | Do you recall how much you told her you had to drink? |
| [J.S.]: | No. |
| [Defense]: | If I showed you her report and told her that you – showed you that you said you had a couple drinks, would that refresh your memory? |
| [J.S.]: | Yes. |
| [State]: | Your Honor, I would object to him showing her the notes that another witness has taken and already testified to. She has no personal knowledge of those notes. She was not watching her as she wrote them. That would not be able to refresh this witness's memory. |
| [Court]: | Sustained. |
| [Defense]: | Do you recall telling the nurse how many drinks you had? |
| [J.S.]: | No. |

(Tr. at 190-91.)

The testimony Cole sought to produce through refreshment of J.S.'s recollection – how many drinks she consumed the night of the crime – was cumulative of the nurse's

4

testimony earlier in the trial. The nurse testified, "[J.S.] had two drinks at one place then another drink in another place. So I see here that says she had three." (*Id*. at 149.) As the admission or exclusion of "[e]vidence that is merely cumulative is not grounds for reversal," *Tobar v. State*, 740 N.E.2d 106, 108 (Ind. 2000), the trial court did not err.[2]

2. Hearsay

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted." Evid. R. 801(c). Hearsay is not admissible unless it fits within an exception to the hearsay rule. *Simmons v. State*, 760 N.E.2d 1154, 1160 (Ind. Ct. App. 2002). Cole argues two witnesses offered hearsay testimony. However, Cole did not object to the statements during trial. Therefore, his claim of error is waived. *Johnson v. State*, 725 N.E.2d 864, 867 (Ind. 2000).

One way to escape such waiver is by claiming the error is fundamental. *Jewell v. State*, 887 N.E.2d 939, 940 n.1 (Ind. 2008). Fundamental errors are "clearly blatant violations of basic and elementary principles, and the harm or potential for harm could not be denied." *Warriner v. State*, 435 N.E.2d 562, 563 (Ind. 1982). The fundamental error exception is "extremely narrow." *Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002).

Cole first asserts testimony by James Roth of the Marion County Forensic Services Agency included hearsay. During cross-examination, defense counsel asked Roth about a

---

[2] We note, however, a portion of the State's proffered reason for objecting to Cole's attempt to refresh J.S.'s recollection was not proper, as there is no requirement that the item used to refresh the witness's memory must have been written by the witness. *See Thompson*, 728 N.E.2d at 160 (witness does not have to be author of item used to refresh recollection).

beer bottle found at the scene of the crime:

[Defense]: You found a beer bottle –
[Roth]: Yes.
[Defense]: - in the parking lot.
[Roth]: Yes.

* * *

[Defense]: Did you pick that up and look for prints on that?
[Roth]: No, I did not.
[Defense]: Why did you not do that?
[Roth]: I didn't feel at that point it was – had any evidentiary value.
[Defense]: Why did you think the beer bottle had value again?
[Roth]: I was told by Detective Hanson that someone had observed an individual place that beer bottle there and he wanted me to collect it.

(Tr. at 81-82.) Cole claims Roth's final statement was hearsay and its admission was fundamental error.

However, because Cole's counsel asked the question, he invited the alleged error about which he now complains. *See Thacker v. State*, 578 N.E.2d 784, 786 (Ind. Ct. App. 1991) (holding defendant invited any error caused by admission of evidence where he elicited the testimony during cross-examination). Therefore, we may not reverse on the basis of that alleged error. *See Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995) (invited error cannot be fundamental error, and does not warrant reversal), *reh'g denied.*

Cole also argues five portions of Detective Hanson's testimony were hearsay. During direct examination, Detective Hanson was asked about his investigation at the scene of the crime. He said, "I had been informed by a witness that he had observed two males in what he had described as a silver, Dodge Magnum, had been drinking beer in the parking lot and left a beer bottle behind." (Tr. at 97.) He later mentioned the witness who gave him the

6

information:

> [Prosecutor]: Okay. Now you stated earlier that a witness had told you that he saw some individuals get into a vehicle and leave the beer bottle in the parking lot.
>
> [Hanson]: Correct.
>
> [Prosecutor]: Were you able to go back and find the witness?
>
> [Hanson]: Yes.
>
> [Prosecutor]: And how did you find that witness?
>
> [Hanson]: I had spoken with him when I was there earlier on the scene. He had come up. He's the one who had told me about the beer bottle.
>
> [Prosecutor]: And who was he?
>
> [Hanson]: His name was, I believe, Manasha Fairham and he was a bouncer at Bleeker Street.
>
> * * *
>
> [Prosecutor]: . . . Did Mr. Fairham tell you what type of vehicle he saw the individual get into.
>
> [Hanson]: He described it as a silver, Dodge Magnum.
>
> [Prosecutor]: Okay. And how was he able to determine that the same person that got into the Dodge Magnum was the same person that sat down the beer bottle?
>
> [Hanson]: He observed it.
>
> [Prosecutor]: Okay. And had he had any other experience with that individual that night?
>
> [Hanson]: I believe they had tried to enter Bleeker Street and they were not allowed admittance.

(*Id*. at 99-101.) Next, Detective Hanson described his investigation into the owner of the car

Fairham described:

> [Hanson]: I had asked about the silver vehicle and was informed that a friend of his by the name of Mr. Offutt had a silver vehicle.
>
> [Prosecutor]: And did you make touch – did you make contact with Mr. Offutt?
>
> [Hanson]: Yes, I did
>
> [Prosecutor]: And upon making contact with Mr. Offutt, what did you determine?
>
> [Hanson]: Mr. Offutt advised me that they had a friend who had a silver, Dodge Charger and that he had not been at Broad Ripple that evening. He told me about the gentleman, Mr. Vaughn, that had

7

the silver, Dodge Charger.

[Prosecutor]: So you made contact with Marlo (phonetic) Offutt based on the silver Dodge Magnum information.

[Hanson]: Correct.

[Prosecutor]: And he informed you that he had not been with Mr. Cole but someone with a silver, Dodge Charger had been with him?

[Hanson]: Well, that he knew that Mr. Vaughn had a silver, Dodge Charger.

(*Id*. at 105-6.)

Finally, Cole argues two statements made by Detective Hanson about evidence collected at the scene were hearsay. First, Detective Hanson stated he "had been informed that there was a fingerprint identified off the beer bottle[,]" (*id*. at 98), and it was Cole's. Later, Detective Hanson answered in the affirmative when asked, "So did you get information from the Marion County Crime Lab that J.S.'s DNA matched the DNA on the beer – I'm sorry, the DNA found on J.S. was matched to the DNA on the beer bottle?" (*Id*. at 103.)

Cole argues Detective Hanson's hearsay statements about Fairham and the beer bottle "were the only evidence connecting Mr. Cole to the beer bottle in the parking lot[,]" (Br. of Appellant at 18), and thus he was denied a fair trial because those statements were inadmissible hearsay. We cannot agree.

As noted above, an error in the admission of evidence does not justify reversal if the evidence is cumulative of other evidence presented at trial. *Tobar*, 740 N.E.2d at 108. Neither does the erroneous admission of evidence require reversal if there is "substantial independent evidence of guilt so that there is no substantial likelihood that the challenged evidence contributed to the conviction." *Meadows v. State*, 785 N.E.2d 1112, 1122 (Ind. Ct.

8

App. 2003).

Detective Hanson's testimony followed that of Rochelle O'Niel, a fingerprint examiner with IMPD, who testified about the fingerprints found on the beer bottle. Detective Hanson's testimony regarding the match of DNA samples was cumulative of the testimony of a DNA analyst for the Marion County Forensic Services Agency. Finally, Detective Hanson's testimony regarding the beer bottle at the crime scene was cumulative of Cole's own testimony that he was drinking beer in the parking lot near where J.S. was raped. Detective Hanson's testimony was cumulative of other testimony properly admitted. *See Hunter*, 172 Ind. App. at 416, 360 N.E.2d at 600 ("this court will not reverse for admission or denial of cumulative evidence").

Further, the testimony about which Cole complains did not likely contribute to his conviction. Cole admitted he had sex with J.S. on the night in question, which places him at the scene of the crime regardless of whether his fingerprint was on a beer bottle and his DNA was on J.S. Therefore, based on Cole's own testimony, we cannot say fundamental error occurred. *See Meadows*, 785 N.E.2d at 1122 (erroneous admission of evidence is not a reason for reversal if there is "substantial independent evidence of guilt so that there is no substantial likelihood that the challenged evidence contributed to the conviction").

## CONCLUSION

The trial court did not commit reversible error when it sustained the State's objection to Cole's attempt to refresh J.S.'s memory with the notes from the nurse; J.S.'s testimony would have been cumulative of the nurse's testimony. In addition, no fundamental error

9

occurred when the court admitted hearsay statements: Cole invited some of the error, the uninvited statements were cumulative of other testimony, and they did not likely contribute to the decision regarding Cole's guilt. Accordingly, we affirm.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.