## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Mar 08 2017, 8:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Nicole A. Zelin
Pritzke & Davis, LLP
Greenfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Eric P. Babbs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Margie Rene Mayhill,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 8, 2017<br><br>Court of Appeals Case No.<br>30A01-1610-CR-2340<br><br>Appeal from the Hancock Superior Court<br><br>The Honorable Dan E. Marshall, Judge<br><br>Trial Court Cause No.<br>30D02-1512-CM-1926 |

**Crone, Judge.**

# Case Summary

Margie Rene Mayhill appeals her conviction, following a jury trial, for class A misdemeanor invasion of privacy. She asserts that the State presented insufficient evidence to support her conviction and that the trial court committed fundamental error in failing to administer an oath to one of the witnesses who testified at trial. Finding the evidence sufficient and no fundamental error, we affirm.

# Facts and Procedural History

On November 5, 2015, the Hancock Superior Court issued an ex parte order for protection prohibiting Mayhill from "threatening to commit or committing acts of domestic or family violence, stalking or a sex offense against petitioner [H.A.]" State's Ex. 2. The order also prohibited Mayhill from "harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [H.A.]" *Id*. The sheriff served Mayhill with the protection order on November 12, 2015.

On November 18, 2015, Mayhill drove a borrowed vehicle to the residence of Bruce Townsend, Sr. ("Senior"), to pick up Bruce Townsend, Jr. ("Junior"), because Junior had previously told Mayhill that he would fix her broken vehicle if she came to pick him up. When Mayhill arrived at the residence, H.A.'s truck was parked in the driveway, and H.A. and Junior were sitting inside the truck. Junior works for H.A., and H.A. was there to pick up Junior for work. Senior was standing on the front porch of the residence when he observed

Mayhill communicating with H.A. Specifically, she had exited her vehicle and was "raising all kinds of heck, this and that, cussing [at H.A.], hitting and pulled his beard and so on." Tr. at 41. Senior called 911 and informed the dispatcher that Mayhill was on his property and refusing to leave, and that she was fighting with and screaming at H.A. Senior stated that Mayhill was driving a green Ford Ranger.

[4] Hancock County Sheriff's Deputy Russell Silver was dispatched to Senior's home. However, he passed a green Ford Ranger driving away from the home, so he performed a traffic stop of the vehicle. Deputy Silver spoke with Mayhill, who acknowledged the existence of the order of protection regarding H.A., but stated that she immediately backed out of Senior's driveway and left when she saw H.A.'s vehicle. Deputy Silver then went to Senior's residence to investigate. H.A. was no longer at the residence, but Senior reported that Mayhill did not immediately leave his residence after she arrived, and that he witnessed Mayhill yelling at and arguing with H.A.

[5] Thereafter, the State charged Mayhill with class A misdemeanor invasion of privacy. Following a jury trial, Mayhill was found guilty as charged. The trial court sentenced Mayhill to 365 days suspended to probation. This appeal ensued.

# Discussion and Decision

## Section 1 – The State presented sufficient evidence to support Mayhill's conviction.

[6] Mayhill contends that the State presented insufficient evidence to support her conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[7] To convict Mayhill of invasion of privacy, the State was required to prove that Mayhill knowingly or intentionally violated an ex parte protection order issued under Indiana Code Chapter 34-26-5. *See* Ind. Code § 35-46-1-15.1(2).[1] A person engages in conduct "knowingly" if, when she engages in the conduct, she is aware of a high probability that she is doing so. Ind. Code § 35-41-2-2(a). Mayhill contends that there is insufficient evidence that she knowingly violated the protection order because she was unaware that H.A. would be at Senior's house when she traveled there, and that any contact she had with him was

---

[1] Mayhill concedes that the evidence establishes that a valid ex parte protection order was issued and that she was aware of that order.

merely "incidental" because she "immediately backed her vehicle up out of the driveway and drove away" when she saw H.A.'s car. Appellant's Br. at 8; Reply Br. at 5; Tr. at 98.

[8] Contrary to Mayhill's claim, Senior testified that Mayhill did not immediately leave the residence and that he witnessed Mayhill communicate and have direct contact with H.A. when she argued with him, cursed at him, and touched him. Mayhill maintains that Senior was not truthful, and urges us to give more credit to her self-serving testimony as well as other evidence in the record that she claims supports her version of events. However, it was the jury's prerogative to assess the evidence, and Mayhill's argument is simply an invitation for this Court to reweigh that evidence and reassess witness credibility, which we cannot do. The evidence most favorable to the jury's verdict supports a reasonable inference that Mayhill knowingly violated the protection order. The State presented sufficient evidence to support Mayhill's conviction.

## Section 2 – Mayhill has not established fundamental error.

[9] Mayhill next asserts that reversible error occurred because the trial court failed to administer an oath to Deputy Silver before he testified at trial. Indiana Evidence Rule 603 provides that "[b]efore testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Similarly, Indiana Code Section 34-45-1-2 provides: "Before testifying, every witness shall be sworn to testify the truth, the whole truth, and nothing but the truth. The mode of administering an

oath must be the most consistent with and binding upon the conscience of the person to whom the oath may be administered."

[10] Because Mayhill failed to object to this claimed error at trial, she asserts that the trial court committed fundamental error.[2] *See Treadway v. State*, 924 N.E.2d 621, 633 (Ind. 2010) (failure to object at trial waives the issue for review unless fundamental error occurred). The fundamental error doctrine is extremely narrow and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process. *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). "To qualify as fundamental error, an error must be so prejudicial to the rights of the defendant to make a fair trial impossible." *Brown v. State*, 799 N.E.2d 1064, 1067 (Ind. 2003) (citation and quotation marks omitted).

[11] We observe that the transcript says "Russell Silver[:] Not having been sworn to testify to the truth, the whole truth and nothing but the truth was examined and testified as follows." Tr. at 66. Because we presume that the transcript as presented accurately reflects the proceedings, we must conclude that the trial court in fact failed to administer an oath to Deputy Silver.[3] Nevertheless, we

---

[2] We note that twice in her reply brief, Mayhill states that "the trial court *did not* commit fundamental error." Reply Br. at 2, 6 (emphasis added). Because the crux of her claim is that the court *did* commit fundamental error, we assume that these were simply misstatements.

[3] While the State questions the accuracy of the transcript, the State acknowledges that Indiana Appellate Rule 32(A) provides that a party may move the trial court to resolve a disagreement as to whether the

cannot say that such error was so prejudicial to Mayhill's rights as to make a fair trial impossible.

[12]     Significantly, during Deputy Silver's testimony, Mayhill's counsel questioned him about his probable cause affidavit in this case and noted that "it's under oath" and Deputy Silver responded, "Yes." *Id*. at 78. Then counsel specifically inquired, "Same as what you're under oath here today[?]" and Deputy Silver again responded, "Yes." *Id*. Hence, it is clear that Deputy Silver subjectively believed that he was under oath when he testified and that the duty to testify truthfully was impressed upon his conscience. Moreover, much of Deputy Silver's testimony regarding Mayhill's commission of the crime was merely cumulative of Senior's testimony which was given under proper oath. Accordingly, the trial court's failure to administer an oath and any error in the admission of Deputy Silver's testimony would not rise to level of fundamental error. *See Cole v. State*, 970 N.E.2d 779, 784 (Ind. Ct. App. 2012) (erroneous admission of evidence does not justify reversal if evidence is cumulative of other evidence presented at trial).

[13]     Mayhill's sole assertion of prejudice is that the trial court's failure to administer an oath to Deputy Silver effectively deprived her of her constitutional right to confrontation.[4] This assertion is not supported by the record. Mayhill's counsel

---

transcript "accurately discloses what occurred in the trial court." The State has chosen not to invoke this procedure.

[4] Mayhill's argument in this regard is very poorly developed and could have been deemed waived on appeal. *See Wingate v. State*, 900 N.E.2d 468, 475 (Ind. Ct. App. 2009) (a party waives an issue where she fails to

engaged in a lengthy and thorough cross-examination of Deputy Silver, during which counsel was able to point out alleged inconsistencies between the probable cause affidavit and Deputy Silver's trial testimony. In addition, Mayhill's counsel utilized Deputy Silver's testimony to identify and admit several defense photographic exhibits. *Id.* at 77. Under the circumstances, Mayhill was not deprived of her right to confrontation, and she has failed to demonstrate that prejudicial error occurred such that a fair trial was impossible. Mayhill's conviction is affirmed.

[14] Affirmed.

Riley, J., and Altice, J., concur.

---

develop a cogent argument or provide adequate citation to authority or portions of the record). However, we choose to briefly address and dispose of it.